| Fill in this information to identify the case: |
| --- |
| United States Bankruptcy Court for the:<br><br>        Southern District of Texas<br>                   (State) |
| Case number *(if known)*: _____   Chapter __11__ |

☐ Check if this is an amended filing

Official Form 201

# Voluntary Petition for Non-Individuals Filing for Bankruptcy

04/16

If more space is needed, attach a separate sheet to this form.  On the top of any additional pages, write the debtor's name and the case number (if known).  For more information, a separate document, *Instructions for Bankruptcy Forms for Non-Individuals*, is available.

| | | |
| --- | --- | --- |
| 1. | **Debtor's Name** | **iHeartMedia, Inc.** |
| 2. | **All other names debtor used in the last 8 years**<br><br>Include any assumed names, trade names, and *doing business as* names | **CC Media Holdings, Inc.** |
| 3. | **Debtor's federal Employer Identification Number** (EIN) | **26-0241222** |

4. **Debtor's address**

| Principal place of business | Mailing address, if different from principal place of business |
| --- | --- |
| **20880 Stone Oak Parkway**<br>Number     Street | Number     Street |
| | P.O. Box |
| **San Antonio, Texas 78258**<br>City     State     Zip Code | City     State     Zip Code |
| | **Location of principal assets, if different from principal place of business** |
| **Bexar County**<br>County | Number     Street |
| | City     State     Zip Code |

| | | |
| --- | --- | --- |
| 5. | **Debtor's website** (URL) | **iHeartMedia.com** |
| 6. | **Type of debtor** | ☒ Corporation (including Limited Liability Company (LLC) and Limited Liability Partnership (LLP))<br><br>☐ Partnership (excluding LLP)<br><br>☐ Other. Specify: _____ |

Debtor ___iHeartMedia, Inc._____     Case number *(if known)* _____
       Name

---

**7. Describe debtor's business**

A. *Check One:*

☐ Health Care Business (as defined in 11 U.S.C. § 101(27A))

☐ Single Asset Real Estate (as defined in 11 U.S.C. § 101(51B))

☐ Railroad (as defined in 11 U.S.C. § 101(44))

☐ Stockbroker (as defined in 11 U.S.C. § 101(53A))

☐ Commodity Broker (as defined in 11 U.S.C. § 101(6))

☐ Clearing Bank (as defined in 11 U.S.C. § 781(3))

☒ None of the above

---

B. *Check all that apply:*

☐ Tax-exempt entity (as described in 26 U.S.C. § 501)

☐ Investment company, including hedge fund or pooled investment vehicle (as defined in 15 U.S.C. § 80a-3)

☐ Investment advisor (as defined in 15 U.S.C. § 80b-2(a)(11))

---

C. NAICS (North American Industry Classification System) 4-digit code that best describes debtor. See http://www.uscourts.gov/four-digit-national-association-naics-codes .

**5151 (Radio and Television Broadcasting)**

---

**8. Under which chapter of the Bankruptcy Code is the debtor filing?**

*Check One:*

☐ Chapter 7

☐ Chapter 9

☒ Chapter 11.  *Check all that apply:*

    ☐ Debtor's aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $2,566,050 (amount subject to adjustment on 4/01/19 and every 3 years after that).

    ☐ The debtor is a small business debtor as defined in 11 U.S.C. § 101(51D). If the debtor is a small business debtor, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return, or if all of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).

    ☐ A plan is being filed with this petition.

    ☐ Acceptances of the plan were solicited prepetition from one or more classes of creditors, in accordance with 11 U.S.C. § 1126(b).

    ☒ The debtor is required to file periodic reports (for example, 10K and 10Q) with the Securities and Exchange Commission according to § 13 or 15(d) of the Securities Exchange Act of 1934. File the *Attachment to Voluntary Petition for Non-Individuals Filing for Bankruptcy under Chapter 11* (Official Form 201A) with this form.

    ☐ The debtor is a shell company as defined in the Securities Exchange Act of 1934 Rule 12b-2.

☐ Chapter 12

---

**9. Were prior bankruptcy cases filed by or against the debtor within the last 8 years?**

If more than 2 cases, attach a separate list.

☒ No

☐ Yes.   District _____ When _____ Case number _____
                                              MM/DD/YYYY

           District _____ When _____ Case number _____
                                              MM/DD/YYYY

---

**10. Are any bankruptcy cases pending or being filed by a business partner or an affiliate of the debtor?**

List all cases. If more than 1, attach a separate list.

☐ No

☒ Yes.   Debtor   **See Rider 1**   Relationship   **Affiliate**

         District   **Southern District of Texas**   When   **03/14/2018**
                                                     MM / DD / YYYY

         Case number, if known   _____

---

| Debtor | iHeartMedia, Inc. | | Case number *(if known)* | |
|---|---|---|---|---|
| | Name | | | |

**11. Why is the case filed in *this* district?**

Check all that apply:

☐ Debtor has had its domicile, principal place of business, or principal assets in this district for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other district.

☒ A bankruptcy case concerning debtor's affiliate, general partner, or partnership is pending in this district.

**12. Does the debtor own or have possession of any real property or personal property that needs immediate attention?**

☒ No
☐ Yes.  Answer below for each property that needs immediate attention.  Attach additional sheets if needed.

**Why does the property need immediate attention?** (*Check all that apply.*)

☐ It poses or is alleged to pose a threat of imminent and identifiable hazard to public health or safety.

What is the hazard? _____

☐ It needs to be physically secured or protected from the weather.

☐ It includes perishable goods or assets that could quickly deteriorate or lose value without attention (for example, livestock, seasonal goods, meat, dairy, produce, or securities-related assets or other options).

☐ Other _____

**Where is the property?**

| | | |
|---|---|---|
| Number | Street | |

| | | |
|---|---|---|
| City | State | Zip Code |

**Is the property insured?**

☐ No

☐ Yes.   Insurance agency _____

Contact name _____

Phone _____

---

### Statistical and administrative information

**13. Debtor's estimation of available funds**

Check one:

☒ Funds will be available for distribution to unsecured creditors.
☐ After any administrative expenses are paid, no funds will be available for distribution to unsecured creditors.

**14. Estimated number of creditors (on a consolidated basis)**

| | | | | | |
|---|---|---|---|---|---|
| ☐ | 1-49 | ☐ | 1,000-5,000 | ☐ | 25,001-50,000 |
| ☐ | 50-99 | ☐ | 5,001-10,000 | ☒ | 50,001-100,000 |
| ☐ | 100-199 | ☐ | 10,001-25,000 | ☐ | More than 100,000 |
| ☐ | 200-999 | | | | |

**15. Estimated assets (on a consolidated basis)**

| | | | | | |
|---|---|---|---|---|---|
| ☐ | $0-$50,000 | ☐ | $1,000,001-$10 million | ☐ | $500,000,001-$1 billion |
| ☐ | $50,001-$100,000 | ☐ | $10,000,001-$50 million | ☐ | $1,000,000,001-$10 billion |
| ☐ | $100,001-$500,000 | ☐ | $50,000,001-$100 million | ☒ | $10,000,000,001-$50 billion |
| ☐ | $500,001-$1 million | ☐ | $100,000,001-$500 million | ☐ | More than $50 billion |

| Debtor | iHeartMedia, Inc. | | Case number *(if known)* | |
|---|---|---|---|---|
| | Name | | | |

**16. Estimated liabilities (on a consolidated basis)**

- ☐ $0-$50,000
- ☐ $50,001-$100,000
- ☐ $100,001-$500,000
- ☐ $500,001-$1 million
- ☐ $1,000,001-$10 million
- ☐ $10,000,001-$50 million
- ☐ $50,000,001-$100 million
- ☐ $100,000,001-$500 million
- ☐ $500,000,001-$1 billion
- ☐ $1,000,000,001-$10 billion
- ☒ $10,000,000,001-$50 billion
- ☐ More than $50 billion

---

## Request for Relief, Declaration, and Signatures

**WARNING --** Bankruptcy fraud is a serious crime. Making a false statement in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

**17. Declaration and signature of authorized representative of debtor**

The debtor requests relief in accordance with the chapter of title 11, United States Code, specified in this petition.

I have been authorized to file this petition on behalf of the debtor.

I have examined the information in this petition and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on    **03/14/2018**
           MM/ DD / YYYY

✗   */s/ Brian Coleman*                      **Brian Coleman**
     Signature of authorized representative of debtor          Printed name

Title   **Authorized Signatory**

---

**18. Signature of attorney**

✗   */s/ Patricia B. Tomasco*         Date   **03/14/2018**
     Signature of attorney for debtor               MM/DD/YYYY

**Patricia B. Tomasco**
Printed name

**Jackson Walker L.L.P.**
Firm name

**1401 McKinney Street, Suite 1900**
Number           Street

| **Houston** | | **Texas** | **77010** |
|---|---|---|---|
| City | | State | ZIP Code |

| **(713) 752-4200** | | **ptomasco@jw.com** |
|---|---|---|
| Contact phone | | Email address |

| **01797600** | **Texas** |
|---|---|
| Bar number | State |

---

Official Form 201A (12/15)

# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF TEXAS
## HOUSTON DIVISION

|  |  |
|---|---|
| In re: | ) Chapter 11 |
|  | ) |
| IHEARTMEDIA, INC., | ) Case No. 18-[\_\_\_\_\_] (\_\_\_) |
|  | ) |
| Debtors. | ) |
|  | ) |

### Attachment to Voluntary Petition for Non-Individuals Filing for Bankruptcy under Chapter 11

1. If any of the debtor's securities are registered under Section 12 of the Securities Exchange Act of 1934, the SEC file number is: **000-53354**

2. The following financial data is the latest available information and refers to the debtor's condition on **November 6, 2017**

(a) Total assets     $ **12,257,260,000 (on a consolidated basis)**

(b) Total debts (including debts listed in 2.c., below)     $ **20,328,500,000 (on a consolidated basis)**

(c) Debt securities held by more than 500 holders

| | | | | | Approximate number of holders: |
|---|---|---|---|---|---|
| secured ☐ | unsecured ☐ | subordinated ☐ | $ | | |
| secured ☐ | unsecured ☐ | subordinated ☐ | $ | | |
| secured ☐ | unsecured ☐ | subordinated ☐ | $ | | |
| secured ☐ | unsecured ☐ | subordinated ☐ | $ | | |
| secured ☐ | unsecured ☐ | subordinated ☐ | $ | | |

(d) Number of shares of preferred stock     0

(e) Number of shares of common stock     91,602,899

Comments, if any:    The figure given for "Number of shares of common stock" is as of November 6, 2017, and includes all classes of common stock on an as-converted basis.

3. Brief description of debtor's business:    **iHeartMedia, Inc., the parent company of iHeartCommunications, Inc., is one of the leading global media and entertainment companies. The company specializes in radio, digital, outdoor, mobile, social, live events, on-demand entertainment and information services for local communities, and uses its unparalleled national reach to target both nationally and locally on behalf of its advertising partners.**

4. List the names of any person who directly or indirectly owns, controls, or holds, with power to vote, 5% or more of the voting securities of debtor:
**Bain Capital Investors, LLC and related investment funds, Thomas H. Lee Partners, L.P. and related investment entities, Highfields Capital Management LP and managed investment funds, Abrams Capital Management, L.P. and affiliates.**

| Fill in this information to identify the case: |
| --- |
| United States Bankruptcy Court for the: |
| Southern District of Texas |
| (State) |
| Case number *(if known)*: _____  Chapter ___11___ |

☐ Check if this is an
amended filing

**Rider 1**
**Pending Bankruptcy Cases Filed by the Debtor and Affiliates of the Debtor**

On the date hereof, each of the entities listed below (collectively, the "Debtors") filed a petition in the United States Bankruptcy Court for the Southern District of Texas for relief under chapter 11 of title 11 of the United States Code. The Debtors have moved for joint administration of these cases under the case number assigned to the chapter 11 case of iHeartMedia, Inc.

| | |
| --- | --- |
| iHeartMedia, Inc. | Clear Channel Metro, LLC |
| AMFM Broadcasting Licenses, LLC | Clear Channel Mexico Holdings, Inc. |
| AMFM Broadcasting, Inc. | Clear Channel Real Estate, LLC |
| AMFM Operating, Inc. | Critical Mass Media, Inc. |
| AMFM Radio Licenses, LLC | iHeartCommunications, Inc. |
| AMFM Texas Broadcasting, LP | iHeartMedia + Entertainment, Inc. |
| AMFM Texas Licenses, LLC | iHeartMedia Capital I, LLC |
| AMFM Texas, LLC | iHeartMedia Capital II, LLC |
| Capstar Radio Operating Company | iHeartMedia Management Services, Inc. |
| Capstar TX, LLC | iHM Identity, Inc. |
| CC Broadcast Holdings, Inc. | Katz Communications, Inc. |
| CC Finco Holdings, LLC | Katz Media Group, Inc. |
| CC Licenses, LLC | Katz Millennium Sales & Marketing, Inc. |
| Christal Radio Sales, Inc. | Katz Net Radio Sales, Inc. |
| Cine Guarantors II, Inc. | M Street Corporation |
| Citicasters Co. | Premiere Networks, Inc. |
| Citicasters Licenses, Inc. | Terrestrial RF Licensing, Inc. |
| Clear Channel Broadcasting Licenses, Inc. | TTWN Media Networks, LLC |
| Clear Channel Holdings, Inc. | TTWN Networks, LLC |
| Clear Channel Investments, Inc. | |

# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
### HOUSTON DIVISION

|  |  |  |
|---|---|---|
| In re: | ) | Chapter 11 |
|  | ) |  |
| IHEARTMEDIA, INC., | ) | Case No. 18-_____(___) |
|  | ) |  |
| Debtor. | ) |  |
|  | ) |  |

## LIST OF EQUITY SECURITY HOLDERS[1]

| Debtor | Equity Holders | Address of Equity Holder | Percentage of Outstanding Common Stock on an As-Converted Basis[2] |
|---|---|---|---|
| iHeartMedia, Inc.[3] | Bain Capital Investors, LLC and related investment funds | Bain Capital Private Equity, L.P., 200 Clarendon Street, Boston, Massachusetts 02116. | 65.6%[4] |

---

[1]   This list serves as the disclosure required to be made by the debtor pursuant to rule 1007 of the Federal Rules of Bankruptcy Procedure.  All equity positions listed are as of the date of the debtor iHeartMedia Inc.'s most recent proxy statement, April 19, 2017.

[2]   Percentage ownership calculated in accordance with Rule 13d-3(d)(1) under the Securities Exchange Act of 1934, as amended.

[3]   iHeartMedia, Inc. does not and cannot know the precise holdings or identity of the holders of its publicly traded Class A shares, which, as of November 6, 2017, represent approximately 11% of the outstanding common stock on an as-converted basis.

[4]   Represents the 555,556 shares of Class B common stock of iHeartMedia owned by Clear Channel Capital IV, LLC ("CC IV"), which represents 100% of the outstanding shares of our Class B common stock. Bain Capital Investors, LLC ("BCI") is the general partner of Bain Capital Partners (CC) IX, L.P. ("BCP IX"), which is the general partner of Bain Capital (CC) IX, L.P. ("Bain Fund IX"), which holds 50% of the limited liability company interests in CC IV. BCI disclaims beneficial ownership of such securities except to the extent of its pecuniary interest therein. The business address of CC IV is c/o Bain Capital Private Equity, L.P., 200 Clarendon Street, Boston, Massachusetts 02116 and c/o Thomas H. Lee Partners, L.P., 100 Federal Street, Boston, Massachusetts 02110.  This figure also represents the 58,967,502 shares of Class C common stock of iHeartMedia owned by Clear Channel Capital V, L.P. ("CC V"), which represents 100% of the outstanding shares of our Class C common stock. BCI is the sole member of Bain Capital CC Partners, LLC ("Bain CC Partners"), which is the general partner of Bain Capital CC Investors, L.P. ("Bain CC Investors"), which holds 50% of the limited partnership interests in CC V. Bain CC Investors expressly disclaims beneficial ownership of any securities owned beneficially or of record by any person or persons other than itself for purposes of Section 13(d)(3) and Rule 13d-3 of the Securities Exchange Act. BCI disclaims beneficial ownership of such securities except to the extent of its pecuniary interest therein. The business address of CC V is c/o Bain Capital Private Equity, L.P., 200 Clarendon Street, Boston, Massachusetts 02116 and c/o Thomas H. Lee Partners, L.P., 100 Federal Street, Boston, Massachusetts 02110.

| | Thomas H. Lee Partners, L.P. and related investment entities | Thomas H. Lee Partners, L.P., 100 Federal Street, Boston, Massachusetts 02110. | 65.6%[5] |
|---|---|---|---|
| | Highfields Capital Management L.P. and managed investment funds[6] | Highfields Capital Management LP, 200 Clarendon Street, 59th Floor, Boston, Massachusetts 02116 | 11.0% |

---

[5]  Represents the 555,556 shares of iHeartMedia's Class B common stock owned by CC IV, which represents 100% of the outstanding shares of our Class B common stock. Thomas H. Lee Equity Fund VI, L.P. ("THL Fund VI") holds 50% of the limited liability company interests in CC IV. THL Holdco, LLC ("THL Holdco") is the managing member of Thomas H. Lee Advisors, LLC, which is the general partner of Thomas H. Lee Partners, L.P., which is the sole member of THL Equity Advisors VI, LLC ("THL Advisors"), which is the general partner of THL Fund VI. Voting and investment determinations with respect to the securities held by THL Fund VI are made by the private equity management committee of THL Holdco (the "THL Committee") consisting of Todd M. Abbrecht, Anthony J. DiNovi, Thomas M. Hagerty, Soren L. Oberg, Scott M. Sperling and Kent R. Weldon, and as such each member of the THL Committee may be deemed to share beneficial ownership of the securities held or controlled by THL Fund VI. Each of THL Holdco and each member of the THL Committee disclaims beneficial ownership of such securities except to the extent of its or his pecuniary interest therein. The business address of CC IV is c/o Thomas H. Lee Partners, L.P., 100 Federal Street, Boston, Massachusetts 02110 and c/o Bain Capital Private Equity, L.P., 200 Clarendon Street, Boston, Massachusetts 02116.  This figure also represents the 58,967,502 shares of iHeartMedia's Class C common stock owned by CC V, which represents 100% of the outstanding shares of our Class C common stock. THL Fund VI and THL Equity Fund VI Investors (Clear Channel), L.P. collectively hold 50% of the limited partnership interests in CC V. THL Advisors is the general partner of THL Fund VI and THL Equity Fund VI Investors (Clear Channel), L.P. Voting and investment determinations with respect to the securities held by THL Fund VI and THL Equity Fund VI Investors (Clear Channel), L.P. are made by the THL Committee, and as such each member of the THL Committee may be deemed to share beneficial ownership of the securities held or controlled by such entities. Each of THL Holdco and each member of the THL Committee disclaims beneficial ownership of such securities, except to the extent of its or his pecuniary interest therein. The business address of CC V is c/o Thomas H. Lee Partners, L.P., 100 Federal Street, Boston, Massachusetts 02110 and c/o Bain Capital Private Equity, L.P., 200 Clarendon Street, Boston, Massachusetts 02116.

[6]  As reported on a Schedule 13G/A filed with respect to iHeartMedia's Class A common stock on February 14, 2014, Highfields Capital Management is the investment manager to each of Highfields Capital I LP, a Delaware limited partnership ("Highfields I"), Highfields Capital II LP, a Delaware limited partnership ("Highfields II"), and Highfields Capital III L.P., an exempted limited partnership organized under the laws of the Cayman Islands, B.W.I. ("Highfields III"). Highfields GP LLC, a Delaware limited liability company ("Highfields GP"), is the general partner of Highfields Capital Management. Highfields Associates LLC, a Delaware limited liability company ("Highfields Associates"), is the general partner of each of Highfields I, Highfields II and Highfields III. Mr. Jacobson is the managing member of Highfields GP and the senior managing member of Highfields Associates. Each of Highfields Capital Management, Highfields GP, Highfields Associates and Mr. Jacobson has the power to direct the receipt of dividends

| | | | |
|---|---|---|---|
| | Abrams Capital Management, L.P. and affiliates[7] | Abrams Capital Management, L.P., 222 Berkley Street, 21st Floor, Boston, Massachusetts 02116. | 7.5% |
| | David C. Abrams | Abrams Capital Management, L.P., 222 Berkley Street, 21st Floor, Boston, Massachusetts 02116. | 7.5% |
| | Richard J. Bressler | 20880 Stone Oak Pkwy., San Antonio, Texas 78258. | 1.0% |
| | Jonathon S. Jacobson | Highfields Capital Management LP, 200 Clarendon Street, 59th Floor, Boston, Massachusetts 02116. | 11.0% |
| | Robert W. Pittman | 20880 Stone Oak Pkwy., San Antonio, Texas 78258. | 2.2% |
| | Robert H. Walls, Jr. | 20880 Stone Oak Pkwy., San Antonio, Texas 78258. | <1% |

---

[7]    As reported on a Schedule 13D filed with respect to iHeartMedia's Class A common stock on November 29, 2011. The iHeartMedia shares reported in the Schedule 13D for Abrams Capital Partners II, L.P. ("ACP II") represent shares beneficially owned by ACP II and other private investment vehicles for which Abrams Capital, LLC ("Abrams Capital") serves as general partner. Shares reported in the Schedule 13D for Abrams Capital Management, L.P. ("Abrams CM LP") and Abrams Capital Management, LLC ("Abrams CM LLC") represent shares beneficially owned by ACP II and other private investment vehicles (including those for which shares are reported for Abrams Capital) for which Abrams CM LP serves as investment manager. Abrams CM LLC is the general partner of Abrams CM LP. The iHeartMedia shares reported in the Schedule 13D for Mr. Abrams represent the above-referenced shares reported for Abrams Capital and Abrams CM LLC. Mr. Abrams is the managing member of Abrams Capital and Abrams CM LLC. The business address of each reporting person is c/o Abrams Capital Management, L.P., 222 Berkley Street, 21st Floor, Boston, Massachusetts 02116. As of April 6, 2017, the shares of iHeartMedia's Class A common stock reported on the Schedule 13D represented 21.8% of the outstanding shares of iHeartMedia's Class A common stock.

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | |
|---|---|
| In re: | ) |
| | ) Chapter 11 |
| IHEARTMEDIA, INC., | ) |
| | ) Case No. 18-_____(___) |
| Debtor. | ) |
| | ) |

**CORPORATE OWNERSHIP STATEMENT**[8]

Pursuant to rules 1007(a)(1) and 7007.1 of the Federal Rules of Bankruptcy Procedure, the following are corporations, other than a government unit, that directly or indirectly own 10% or more of any class of the debtor's equity interest:

| Shareholder | Approximate Percentage of Shares Held |
|---|---|
| Bain Capital Investors, LLC and related investment funds | 65.6% |
| Thomas H. Lee Partners, L.P. and related investment entities | 65.6% |
| Highfields Capital Management L.P. and managed investment funds | 11% |

---

[8]   Please see footnotes 1-7 on the list of equity security holders attached to this petition for more detailed information on various iHeartMedia, Inc. equity security holders.

Fill in this information to identify the case and this filing:

Debtor Name      iHeartMedia, Inc.

United States Bankruptcy Court for the:      Southern District of Texas

(State)

Case number (If known):

# Official Form 202
## Declaration Under Penalty of Perjury for Non-Individual Debtors     12/15

An individual who is authorized to act on behalf of a non-individual debtor, such as a corporation or partnership, must sign and submit this form for the schedules of assets and liabilities, any other document that requires a declaration that is not included in the document, and any amendments of those documents. This form must state the individual's position or relationship to the debtor, the identity of the document, and the date. Bankruptcy Rules 1008 and 9011.

WARNING -- Bankruptcy fraud is a serious crime. Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

### Declaration and signature

I am the president, another officer, or an authorized agent of the corporation; a member or an authorized agent of the partnership; or another individual serving as a representative of the debtor in this case.

I have examined the information in the documents checked below and I have a reasonable belief that the information is true and correct:

☐   *Schedule A/B: Assets-Real and Personal Property (Official Form 206A/B)*

☐   *Schedule D: Creditors Who Have Claims Secured by Property (Official Form 206D)*

☐   *Schedule E/F: Creditors Who Have Unsecured Claims (Official Form 206E/F)*

☐   *Schedule G: Executory Contracts and Unexpired Leases (Official Form 206G)*

☐   *Schedule H: Codebtors (Official Form 206H)*

☐   *Summary of Assets and Liabilities for Non-Individuals (Official Form 206Sum)*

☐   Amended Schedule

☒   *Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 30 Largest Unsecured Claims and Are Not Insiders (Official Form 204)*

☒   Other document that requires a declaration_____ List of Equity Security Holders and Corporate Ownership Statement _____

I declare under penalty of perjury that the foregoing is true and correct.

Executed on

| 03/14/2018 | ☒ */s/ Brian Coleman* |
| MM/ DD/YYYY | Signature of individual signing on behalf of debtor |
| | **Brian Coleman** |
| | Printed name |
| | **Authorized Signatory** |
| | Position or relationship to debtor |

**Fill in this information to identify the case:**

Debtor name    *iHeartMedia, Inc., et al.*

United States Bankruptcy Court for the:   Southern District of Texas

Case number *(If known):* _____    (State)

☐ Check if this is an amended filing

## Official Form 204

## Chapter 11 or Chapter 9 Cases:  List of Creditors Who Have the 30 Largest Unsecured Claims and Are Not Insiders     12/15

A list of creditors holding the 30 largest unsecured claims must be filed in a Chapter 11 or Chapter 9 case.  Include claims which the debtor disputes.  Do not include claims by any person or entity who is an *insider*, as defined in 11 U.S.C. § 101(31).  Also, do not include claims by secured creditors, unless the unsecured claim resulting from inadequate collateral value places the creditor among the holders of the 30 largest unsecured claims.[1]

| | Name of creditor and complete mailing address, including zip code | Name, telephone number and email address of creditor contact | Nature of claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of claim | | |
|---|---|---|---|---|---|---|---|
| | | | | | If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured Claim |
| 1 | Law Debenture Trust Company 400 Madison Avenue New York, NY 10017 | ATTN: James Heaney PHONE - 212-750-6474 FAX - 212-750-1361 EMAIL - james.Heaney@LAWDEB.com | 14% Senior Note - 2021 | | | | $ 1,917,884,276.55 |
| 2 | BNY Mellon 601 Travis Street, 16th Floor Houston Houston, TX  77002 | ATTN: Moses Ballenger PHONE - 713-483-6674 FAX - 713-483-6979 EMAIL - mosestidwell.ballenger@bnymellon.com | 7.25% Senior Note - 2027 | | | | $ 309,062,500.00 |
| 3 | BNY Mellon 601 Travis Street, 16th Floor Houston Houston, TX  77002 | ATTN: Moses Ballenger PHONE - 713-483-6674 FAX - 713-483-6979 EMAIL - mosestidwell.ballenger@bnymellon.com | 6.875% Senior Note - 2018 | | | | $ 178,007,812.50 |
| 4 | Nielsen 85 Broad St New York, NY 10004 | ATTN: Carol Hanley Executive Vice President of Sales and Marketing PHONE - 212-887-1300 FAX - 212-887-1375 | Trade Payable | Unliquidated | | | $ 20,874,637.87 |
| 5 | Creditor 1 Address on File | | Contract Counterparty | Unliquidated | | | $ 19,288,388.23 |

---

[1]   The following list excludes deficiency claims arising under the Debtors' funded debt documents as well as amounts of funded debt claims in the Debtors held by other Debtors.

| | Name of creditor and complete mailing address, including zip code | Name, telephone number and email address of creditor contact | Nature of claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of claim | | |
|---|---|---|---|---|---|---|---|
| | | | | | If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured Claim |
| 6 | Icon International Inc 107 Elm St 4 Stamford Plaza Stamford, CT  06902 | ATTN: Gary Perlman General Counsel PHONE - 203-328-2300 FAX - 203-328-2333 | Trade Payable | Unliquidated | | | $ 6,875,986.75 |
| 7 | SoundExchange Inc 733 10th St NW FL10 Washington, DC 20001-4888 | ATTN: Michael Huppe President and Chief Executive Officer PHONE - 202-640-5858 FAX - 202-640-5859 | Estimated Royalty Fees | Unliquidated | | | $ 6,427,603.00 |
| 8 | Cumulus Media, Inc. 3280 Peachtree Rd NW Atlanta, GA  30305 | ATTN: Mary G. Berner Chief Executive Officer PHONE - 404-949-0700 FAX - 404-949-0740 | Trade Payable | Unliquidated | | | $ 5,611,618.45 |
| 9 | Cox Enterprises, Inc. 2445 Baltimore Blvd Finksburg, MD 21048 | ATTN: James C. Kennedy Chief Executive Officer PHONE - 678-645-0000 FAX - 678-645-5002 | Contract Counterparty | Unliquidated | | | $ 5,076,283.04 |
| 10 | Warner Music Group Services 3400 W Olive Ave Burbank, CA  91505 | ATTN: Stephen F. Cooper Chief Executive Officer PHONE - 212-275-2000 EMAIL -  steve.cooper@wmg.com | Estimated Royalty Fees | Unliquidated | | | $ 3,904,093.47 |
| 11 | CBS1271 Avenue of the Americas44th FloorNew York, NY 10020 | ATTN: Leslie MoonvesChairman and Chief Executive OfficerPHONE - 212-649-9600FAX - 212-846-2790 | Trade Payable | Unliquidated | | | $ 3,282,369.61 |
| 12 | Salesforce Com Inc The Landmark @ One Market Suite 300 San Francisco, CA 94105 | ATTN: Amy Weaver President, Legal and General Counsel PHONE: 415-901-7000 FAX: 415-901-7040 | Trade Payable | | | | $ 2,508,968.14 |
| 13 | Hubbard Broadcasting 225 South Sixth Street Suite 3500 Minneapolis, MN 55402 | ATTN: Dan Seeman Vice President and Market Manager PHONE - 651-642-4656 FAX - 651-647-2932 | Trade Payable | Unliquidated | | | $ 2,375,026.12 |
| 14 | Vertical Bridge Acquisitions, LLC 750 Park of Commerce Drive, Suite 200 Boca Raton, FL 33487 | ATTN: Joe Meleski Vice President of Broadcast Towers Leasing PHONE - 812-430-3551 EMAIL - ghess@verticalbridge.com | Lease Counterparty | | | | $ 2,229,901.40 |
| 15 | Creditor 2 Address on File | | Deferred Compensation | | | | $ 2,054,517.54 |
| 16 | Spotify USA, Inc. 45 W. 18th Street 7th Floor New York, NY 10011 | ATTN: Horacio Gutierrez General Counsel and Vice President, Business & Legal Affairs PHONE - 646-837-5380 | Trade Payable | | | | $ 2,010,511.11 |

| | Name of creditor and complete mailing address, including zip code | Name, telephone number and email address of creditor contact | Nature of claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of claim | | |
|---|---|---|---|---|---|---|---|
| | | | | | If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured Claim |
| 17 | Global Music Rights 1100 Glendon Ave Ste 2000 Los Angeles, CA 90024 | ATTN: Susan Genco EMAIL - susan@globalmusicrights.com | Licensing Fees | Unliquidated | | | $ 2,000,000.00 |
| 18 | Creditor 3 Address on File | | Contract Counterparty | Unliquidated | | | $ 1,951,446.78 |
| 19 | Adswizz 487 A S El Camino Real San Mateo, CA 94402 | ATTN: Bill Feichtmann Chief Financial Officer PHONE - 408-896-4685 EMAIL - Bill.feichtmann@adswizz.com | Trade Payable | Unliquidated | | | $ 1,869,151.88 |
| 20 | Ando Media LLC 15303 Ventura Boulevard # 1500 Sherman Oaks, CA 91403 | ATTN: Neal Schore Chief Executive Officer PHONE - 514-448-4037 | Trade Payable | | | | $ 1,609,567.22 |
| 21 | Univision Communications, Inc.5801 Truxtun AveBakersfield, CA 93309 | ATTN: Jonathan SchwartzChief Legal and Corporate Affairs OfficerPHONE - 212-455-5200FAX - 646-964-6681 | Trade Payable | Unliquidated | | | $ 1,603,620.75 |
| 22 | Beasley Broadcast Group 3033 Riviera Dr Ste 200 Naples, FL  34103 | ATTN: Caroline Beasley Chief Executive Officer PHONE -  239-263-5000 FAX - 239-263-8191 | Trade Payable | Unliquidated | | | $ 1,501,942.90 |
| 23 | ASCAP 21678 Network Pl Chicago, IL  60673 | ATTN: Elizabeth Matthews Chief Executive Officer PHONE - 212-621-6000 FAX - 212-621-8453 | Licensing Fees | Unliquidated | | | $ 1,495,890.41 |
| 24 | Broadcast Music Inc. 10 Music Square East Nashville, TN  37203-4399 | ATTN: Michael O'Neill President & Chief Executive Officer PHONE - 212-220-3000 | Licensing Fees | Unliquidated | | | $ 1,426,849.32 |
| 25 | Urban One Inc. 1010 Wayne Ave 14th Fl Silver Spring, MD 20910 | ATTN: Alfred C. Liggins, III Chief Executive Officer PHONE - 301-429-3200 | Trade Payable | Unliquidated | | | $ 1,358,691.73 |
| 26 | ReelWorld Productions Inc 2214 Queen Anne Ave N Seattle, WA  98109 | ATTN: Craig Wallace Chief Experience Officer PHONE - 206-448-1518 EMAIL - craig.wallace@reelworld.com | Trade Payable | Unliquidated | | | $ 1,344,728.81 |

| | Name of creditor and complete mailing address, including zip code | Name, telephone number and email address of creditor contact | Nature of claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
| --- | --- | --- | --- | --- | --- | --- | --- |
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured Claim |
| 27 | Universal Music Group Inc 825 8th Ave 28th Floor New York, NY 10019 | ATTN: Lucian Grainge Chief Executive Officer PHONE - 310-865-5000 FAX - 310-865-7096 EMAIL - lucian.grainge@umusic.com | Estimated Royalty Fees | Unliquidated | | | $ 1,313,118.93 |
| 28 | Futuri Media 4141 Rockside Rd Ste 300 Seven Hills, OH 44131 | ATTN: Daniel Anstandig Chief Executive Officer PHONE - 877-221-7979 | Trade Payable | Unliquidated | | | $ 1,223,681.57 |
| 29 | TomTom North America Inc 11 Lafayette St Lebanon, NH 03766-1445 | ATTN: Senior Legal Counsel PHONE - 603-643-0330 FAX - 603-653-0249 | Trade Payable | | | | $ 1,173,408.44 |
| 30 | Sun & Fun Media 1315 S International Pkwy, Ste 1131 Lake Mary, FL 32746 | ATTN: Roger C. Fray Chief Executive Officer PHONE - 407-328-0505 EMAIL - roger@sunfunmedia.com | Trade Payable | Unliquidated | | | $ 1,137,486.08 |

## **OFFICER'S CERTIFICATE**

March 14, 2018

I, Lauren E. Dean, hereby certify that I am the Assistant Secretary of each of the entities listed on Schedules 1 through 9 and the Assistant Secretary of the General Partner of the entity listed on Schedule 10, in each case as attached to Exhibit A attached hereto (each, a "Company" and collectively, the "Companies"), and do hereby certify solely on behalf of that Company and not in my individual capacity, that attached hereto as Exhibit A is a true, correct, and complete copy of the resolutions duly adopted by the board of directors, members of the board of managers, and sole members (each referred to herein as the "Board"), as applicable, of each Company. Such resolutions are the only resolutions relating thereto and have not been amended, rescinded, modified, or revoked since the date of adoption thereof, and are in full force and effect on the date hereof.

\*   \*   \*   \*   \*

IN WITNESS WHEREOF, the undersigned has executed this certificate as of March 14, 2018.

By: 

Name: Lauren E. Dean
Title:   Assistant Secretary

**EXHIBIT A**

## OMNIBUS RESOLUTION

March 14, 2018

The members of the board of directors, members of the board of managers, and sole members (each referred to herein as the "Board"), as applicable, of each of the entities listed on Schedules 1 through 10 attached hereto (each, a "Company" and collectively, the "Companies"), hereby take the following actions and adopt the following resolutions pursuant to the bylaws, operating agreement or limited liability company agreement, as applicable, of each Company and the applicable laws of the jurisdiction in which such Company is organized:

## 1. CHAPTER 11 FILING

**WHEREAS**, on March 14, 2018, the Board of each of the entities listed on Schedules 1 through 10 attached hereto has reviewed and considered certain materials presented by the management of its Company and its Company's financial and legal advisors, including, but not limited to, materials regarding the liabilities and obligations of such Company, its liquidity, strategic alternatives available to it, and the effect of the foregoing on such Company's business, and has had adequate opportunity to consult such persons regarding the materials presented, obtain additional information, and to fully consider each of the strategic alternatives available to each Company;

**WHEREAS**, the Board has had the opportunity to consult with the Company's management, and the financial and legal advisors and fully consider each of the strategic alternatives available to the Company.

**NOW, THEREFORE, BE IT,**

**RESOLVED**, that in the judgment of the Board, it is desirable and in the best interests of the Company, its creditors, and other parties in interest, that the Company shall be and hereby are authorized to file or cause to be filed voluntary petitions for relief (the "Chapter 11 Case") under the provisions of Chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code") in a court of proper jurisdiction (the "Bankruptcy Court"); and

**FURTHER RESOLVED**, that the Company's appointed officers (collectively, the "Authorized Signatories"), acting alone or with one or more other Authorized Signatories be, and each of them hereby is authorized, empowered and directed to execute and file on behalf of the Company all petitions, schedules, lists, and other motions, papers, or documents as necessary to commence the Chapter 11 Case and obtain chapter 11 relief, and to take any and all action that they deem necessary or proper to obtain such relief, including, without limitation, any action necessary to maintain the ordinary course operation of the Company's businesses.

## 2. RETENTION OF PROFESSIONALS

**FURTHER RESOLVED**, that each of the Authorized Signatories of each Company, be, and hereby is, authorized and empowered to employ: (i) the law firm of Kirkland & Ellis LLP as

bankruptcy counsel, (ii) the law firm of Munger, Tolles & Olson LLP as counsel to the Company acting at the direction of the Company's independent directors with respect to certain conflict matters as detailed in their engagement letter, (iii) Moelis & Company as financial advisor, (iv) Perella Weinberg Partners L.P. as financial advisor to the Company acting at the direction of the Company's independent directors with respect to certain conflict matters as detailed in their engagement letter, (v) Alvarez & Marsal as restructuring advisor, (vi) Prime Clerk LLC as notice and claims agent, (vii) the law firm of Jackson Walker L.L.P. as local bankruptcy counsel, and (viii) any other legal counsel, accountants, financial advisors, restructuring advisors or other professionals such Authorized Signatories deems necessary, appropriate or advisable; each to represent and assist such Company in carrying out its duties and responsibilities and exercising its rights under the applicable bankruptcy laws (including, but not limited to, the law firms filing any pleadings or responses); and in connection therewith, each of such Authorized Signatories be, and hereby are, authorized and empowered, in accordance with the terms and conditions hereof, to execute appropriate engagement letters, retention agreements, pay appropriate retainers, and to cause to be filed appropriate applications for authority to retain such services.

### 3.  CASH COLLATERAL AND ADEQUATE PROTECTION

**NOW, THEREFORE, BE IT,**

**RESOLVED**, that the Company will obtain benefits from the use of collateral, including cash collateral, as that term is defined in section 363(a) of the Bankruptcy Code (the "Cash Collateral"), which is security for certain prepetition lenders (collectively, the "Prepetition Lenders").

**FURTHER RESOLVED**, that in order to use and obtain the benefits of the Cash Collateral, and in accordance with section 363 of the Bankruptcy Code, the Company will provide certain adequate protection to the prepetition lenders (the "Adequate Protection Obligations"), as documented in a proposed interim order (the "Interim Cash Collateral Order") and submitted for approval to the Bankruptcy Court.

**FURTHER RESOLVED**, that the Company, as debtor and debtor in possession under the Bankruptcy Code be, and hereby is, authorized to incur the Adequate Protection Obligations and to undertake any and all related transactions on substantially the same terms as contemplated under the Interim Cash Collateral Order.

### 4.  GENERAL

**NOW, THEREFORE, BE IT,**

**RESOLVED**, that in addition to the specific authorizations heretofore conferred upon the Authorized Signatories, each of the Authorized Signatories (and their designees and delegates) be, and they hereby are, authorized and empowered, in the name of and on behalf of the Company, to take or cause to be taken any and all such other and further action to: execute, acknowledge, deliver, and file any and all such agreements, certificates, instruments, and other documents; and pay all expenses, including but not limited to filing fees, in each case as in such officer's or officers' judgment, shall be necessary, advisable, or desirable in order to fully carry out the intent and accomplish the purposes of the resolutions adopted herein;

**FURTHER RESOLVED**, that each of the Authorized Signatories be, and they hereby are, authorized and empowered to take or cause to be taken in the name and on behalf of the Company, any and all such other and further action to carry out the intent and accomplish the purposes of the resolutions adopted herein as such purposes relate to the Company.

**FURTHER RESOLVED**, that the Board has received sufficient notice of the actions and transactions relating to the matters contemplated by the foregoing resolutions, as may be required by the organizational documents of the Company, or hereby waive any right to have received such notice;

**FURTHER RESOLVED**, that all acts, actions and transactions relating to the matters contemplated by the foregoing resolutions done in the name of and on behalf of the Company, which acts would have been approved by the foregoing resolutions except that such acts were taken before the adoption of these resolutions, are hereby in all respects approved and ratified as the true acts and deeds of the Company with the same force and effect as if each such act, transaction, agreement or certificate has been specifically authorized in advance by resolution of the Boards; and

**FURTHER RESOLVED**, that each of the Authorized Signatories (and their designees and delegates) be and hereby is authorized and empowered to take all actions or to not take any action in the name of the Company with respect to the transactions contemplated by these resolutions hereunder as the sole shareholder, partner, member, or managing member of each direct subsidiary of the Company, in each case, as such Authorized Signatory shall deem necessary or desirable in such Authorized Signatory's reasonable business judgment as may be necessary or convenient to effectuate the purposes of the transactions contemplated herein.

\* \* \* \* \*

## Schedule 1

1. iHeartMedia, Inc., a Delaware corporation

## Schedule 2

1. iHeartMedia Capital II, LLC, a Delaware limited liability company.

## Schedule 3

1. iHeartCommunications, Inc., a Texas corporation.

## Schedule 4

1. iHeartMedia Capital I, LLC, a Delaware limited liability company.

## Schedule 5

1. AMFM Broadcasting, Inc., a Delaware corporation.
2. AMFM Operating Inc., a Delaware corporation.
3. Capstar Radio Operating Company, a Delaware corporation.
4. CC Broadcast Holdings, Inc., a Nevada corporation.
5. Christal Radio Sales, Inc., a Delaware corporation.
6. Cine Guarantors II, Inc., a California corporation.
7. Citicasters Co., an Ohio corporation.
8. Citicasters Licenses, Inc., a Texas corporation.
9. Clear Channel Broadcasting Licenses, Inc., a Nevada corporation.
10. iHeart Media + Entertainment, Inc., a Nevada corporation.
11. Clear Channel Holdings, Inc., a Nevada corporation.
12. iHM Identity, Inc., a Texas corporation.
13. Clear Channel Investments, Inc., a Nevada corporation.
14. iHeartMedia Managements Services, Inc., a Texas corporation.
15. Clear Channel Mexico Holdings, Inc., a Nevada corporation.
16. Critical Mass Media, Inc., an Ohio corporation.
17. Katz Communications, Inc., a Delaware corporation.
18. Katz Media Group, Inc., a Delaware corporation.
19. Katz Millennium Sales & Marketing Inc., a Delaware corporation.
20. Katz Net Radio Sales, Inc., a Delaware corporation.
21. M Street Corporation, a Washington corporation.
22. Premiere Networks, Inc., a Delaware corporation.
23. Terrestrial RF Licensing, Inc., a Nevada corporation.
24. TTWN Networks, LLC, a Delaware limited liability company.
25. AMFM Broadcasting Licenses, LLC, a Delaware limited liability company.
26. AMFM Texas Licenses, LLC, a Delaware limited liability company.
27. Capstar TX, LLC, a Texas limited liability company.
28. CC Licenses, LLC, a Delaware limited liability company.
29. Clear Channel Real Estate, LLC, a Delaware limited liability company.

## Schedule 6

1. CC Finco Holdings, LLC, a Delaware limited liability company.
2. Clear Channel Metro, LLC, a Delaware limited liability company.

## Schedule 7

1. AMFM Texas, LLC, a Delaware limited liability company.

## Schedule 8

1. AMFM Radio Licenses, LLC, a Delaware limited liability company.

## Schedule 9

1. TTWN Media Networks, LLC, a Maryland limited liability company.

## Schedule 10

1. AMFM Texas Broadcasting, LP, a Delaware limited partnership.