**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | |
|---|---|
| In re:<br><br>IHEARTMEDIA, INC., *et al.*,[1]<br><br>　　　　　　　Debtors. | § Chapter 11<br>§<br>§ Case No. 18-31274 (MI)<br>§<br>§ (Joint Administration Requested)<br>§ (Emergency Hearing Requested) |

**DEBTORS' <u>EMERGENCY</u> MOTION
FOR ENTRY OF AN ORDER (I) AUTHORIZING THE
DEBTORS TO FILE A CONSOLIDATED LIST OF CREDITORS
AND A CONSOLIDATED LIST OF THE 30 LARGEST UNSECURED
CREDITORS, (II) AUTHORIZING THE DEBTORS TO REDACT CERTAIN
PERSONAL IDENTIFICATION INFORMATION, (III) APPROVING THE FORM
AND MANNER OF NOTIFYING CREDITORS OF THE COMMENCEMENT
OF THESE CHAPTER 11 CASES, AND (IV) GRANTING RELATED RELIEF**

> **THIS MOTION SEEKS ENTRY OF AN ORDER THAT MAY ADVERSELY AFFECT YOU. IF YOU OPPOSE THE MOTION, YOU SHOULD IMMEDIATELY CONTACT THE MOVING PARTY TO RESOLVE THE DISPUTE. IF YOU AND THE MOVING PARTY CANNOT AGREE, YOU MUST FILE A RESPONSE AND SEND A COPY TO THE MOVING PARTY. YOUR RESPONSE MUST STATE WHY THE MOTION SHOULD NOT BE GRANTED. IF YOU DO NOT FILE A TIMELY RESPONSE, THE RELIEF MAY BE GRANTED WITHOUT FURTHER NOTICE TO YOU. IF YOU OPPOSE THE MOTION AND HAVE NOT REACHED AN AGREEMENT, YOU MUST ATTEND THE HEARING. UNLESS THE PARTIES AGREE OTHERWISE, THE COURT MAY CONSIDER EVIDENCE AT THE HEARING AND MAY DECIDE THE MOTION AT THE HEARING.**
>
> **EMERGENCY RELIEF HAS BEEN REQUESTED. IF THE COURT CONSIDERS THE MOTION ON AN EMERGENCY BASIS, THEN YOU WILL HAVE LESS THAN 21 DAYS TO ANSWER. IF YOU OBJECT TO THE REQUESTED RELIEF OR IF YOU BELIEVE THAT THE EMERGENCY CONSIDERATION IS NOT WARRANTED, YOU SHOULD FILE AN IMMEDIATE RESPONSE. A HEARING WILL BE HELD ON THIS MATTER ON MARCH 15, 2018, AT 2:00 P.M. (CT) BEFORE THE HONORABLE MARVIN ISGUR, 515 RUSK STREET, COURTROOM 404, HOUSTON, TEXAS 77002.**
>
> **REPRESENTED PARTIES SHOULD ACT THROUGH THEIR ATTORNEY.**

---

[1] Due to the large number of Debtors in these chapter 11 cases, for which joint administration has been requested, a complete list of the Debtors and the last four digits of their tax identification, registration, or like numbers is not provided herein. A complete list of such information may be obtained on the website of the Debtors' proposed claims and noticing agent at www.primeclerk.com/iheartmedia. The location of Debtor iHeartMedia, Inc.'s principal place of business and the Debtors' service address is: 20880 Stone Oak Parkway, San Antonio, Texas 78258.

The above-captioned debtors and debtors in possession (collectively, the "Debtors") respectfully state as follows in support of this motion (this "Motion"):[2]

## Relief Requested

1.   The Debtors seek entry of an order, substantially in the form attached hereto as **Exhibit A**, (a) authorizing the Debtors to file a consolidated creditor matrix and list of the 30 largest general unsecured creditors in lieu of submitting separate mailing matrices and creditor lists for each Debtor, (b) authorizing the Debtors to redact certain personal identification information, (c) approving the form and manner of notice of commencement of these chapter 11 cases and the scheduling of the meeting of creditors under section 341 of the Bankruptcy Code, and (d) granting related relief.

## Jurisdiction and Venue

2.   The United States Bankruptcy Court for the Southern District of Texas (the "Court") has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Order of Reference to Bankruptcy Judges (District Court General Order 2012-6)*, dated May 24, 2012 (the "Standing Order"). The Debtors confirm their consent, pursuant to rule 7008 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), to the entry of a final order by the Court in connection with this Motion to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

3.   Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

4.   The bases for the relief requested herein are sections 105(a), 107(b), and 521 of

---

[2]   The facts and circumstances supporting this Motion are set forth in the *Declaration of Brian Coleman, Senior Vice President and Treasurer of iHeartMedia, Inc., in Support of Chapter 11 Petitions and First Day Motions* (the "First Day Declaration"), filed contemporaneously herewith and incorporated by reference herein.

2

title 11 of the United States Code (the "Bankruptcy Code"), Bankruptcy Rules 1007, 2002, and 6003, and rule 9013-1 of the Bankruptcy Local Rules for the Southern District of Texas (the "Bankruptcy Local Rules").

**Background**

5. iHeartMedia, Inc. ("iHeart") and its direct and indirect Debtor and non-Debtor subsidiaries are a diversified media and entertainment business headquartered in San Antonio, Texas, with approximately 17,000 employees operating in the Americas, Europe, and Asia. These entities operate three primary business segments: (i) iHeartMedia (the "iHM Segment"), (ii) Americas Outdoor Advertising, and (iii) International Outdoor Advertising (Americas Outdoor Advertising and International Outdoor Advertising together, the "Outdoor Segments"). The Debtors in these cases operate the iHM Segment, which provides media and entertainment services via broadcast and digital delivery and also includes other businesses, including a national syndication business, a live-events business, and a media representation business (collectively, "iHM"). Non-Debtor affiliates (including, among others, Clear Channel Outdoor Holdings, Inc., Clear Channel Outdoor, Inc., and Clear Channel International BV) operate the Outdoor Segments, which provide outdoor advertising services in North America and internationally using various digital and traditional display types.

6. For the year ended December 31, 2017, the Debtors recognized approximately $1.01 billion of OIBDAN and $3.58 billion of revenue. As of the Petition Date (as defined herein), the funded debt obligations of iHeart and its direct and indirect Debtor and non-Debtor subsidiaries totaled over $20 billion, while the Debtors' funded obligations totaled approximately $16 billion.

7. On March 14, 2018 (the "Petition Date"), each of the Debtors filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code. The Debtors are operating their

businesses and managing their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.  Concurrently with the filing of this Motion, the Debtors filed a motion requesting procedural consolidation and joint administration of these chapter 11 cases pursuant to Bankruptcy Rule 1015(b).  No request for the appointment of a trustee or examiner has been made in these chapter 11 cases, and no committees have been appointed or designated.

**I.      Consolidated Creditor Matrix.**

8.      Bankruptcy Rule 1007(a)(1) requires a debtor to file "a list containing the name and address of each entity included or to be included on Schedules D, E, F, G, and H." Fed. R. Bankr. P. 1007(a)(1).  Although the list of creditors usually is filed on a debtor-by-debtor basis, in a complex chapter 11 bankruptcy in the Southern District of Texas under the *General Order in the Matter of Procedures for Complex Chapter 11 Cases*, Exhibit G, for cases involving more than one debtor, debtors may file a consolidated creditor matrix.  Here, the preparation of separate lists of creditors for each Debtor would be expensive, time consuming, and administratively burdensome.  Accordingly, the Debtors respectfully request authority to file one consolidated list of creditors for all of the Debtors (the "Creditor Matrix").

**II.     Consolidated List of the 30 Largest General Unsecured Creditors.**

9.      Pursuant to Bankruptcy Rule 1007(d), a debtor shall file "a list containing the name, address and claim of the creditors that hold the 20 largest unsecured claims, excluding insiders." Fed. R. Bankr. P. 1007(d).  Because a large number of creditors may be shared amongst the Debtors, the Debtors request authority to file a single, consolidated list of their 30 largest general unsecured creditors (the "Top 30 List").  The Top 30 List will help alleviate administrative burdens, costs, and the possibility of duplicative service.  Although they reserve the right to do so

in the future, in this Motion, the Debtors are not requesting authority to file consolidated schedules of assets and liabilities and statements of financial affairs or substantively consolidate the Debtors.[3]

**III.    Equity Holder Lists.**

10.     Bankruptcy Rule 1007(a)(3) provides that, "unless the court orders otherwise, the debtor shall file within 14 days after entry of the order for relief a list of the debtor's equity security holders," including names and last known addresses of holders. Fed. R. Bankr. P. 1007(a)(3). Bankruptcy Rule 2002(d) provides that, "unless otherwise ordered by the court," notice shall be provided to all equity holders of the commencement of the case, any equity holders meeting under section 341 of the Bankruptcy Code, certain asset sales, conversion or dismissal hearings, the disclosure statement deadline, the confirmation objection deadline, and the voting deadline. Fed. R. Bankr. P. 2002(d).

11.     Debtor iHeart is a publicly held company trading on the Over the Counter Pink Sheets. The Debtors do not maintain a list of publicly traded equity holders and therefore must obtain the names and addresses of their publicly traded shareholders from a securities agent. For this reason, preparing a list of equity holders with accurate names and last known addresses, and providing notices to all such parties of the commencement of these chapter 11 cases, would create undue expense and administrative burden without a corresponding benefit to the estates or parties in interest. To the extent equity holders are entitled to vote on a chapter 11 plan, the Debtors will provide them with the appropriate bar date and plan-related notices, which will permit them to assert their interests. Under the circumstances, the Debtors respectfully submit that it is

---

[3]  Pursuant to the *Debtors' Emergency Motion for Entry of an Order (I) Extending Time to File Schedules of (A) Assets and Liabilities, (B) Schedules of Current Income and Expenditures, (C) Schedules of Executory Contracts and Unexpired Leases, (D) Statements of Financial Affairs, and (E) Rule 2015.3 Financial Reports; (II) Waiving the Requirement to File a List of Equity Security Holders and (III) Granting Related Relief*, filed contemporaneously herewith, the Debtors are requesting an extension of the time within which they must file their respective schedules and statements.

appropriate for the Court to waive and modify these requirements accordingly, as expressly contemplated by the applicable Bankruptcy Rules.

**IV.     Redaction of Certain Confidential Information.**

12.     Section 107(c) of the Bankruptcy Code provides that the Court "for cause, may protect an individual, with respect to the following types of information to the extent the court finds that disclosure of such information would create undue risk of identity theft . . . [a]ny means of identification . . . contained in a paper filed, or to be filed in a case under" the Bankruptcy Code. 11 U.S.C. § 107(c)(1)(A).  The Debtors respectfully submit that cause exists to authorize the Debtors to redact the names and address information of individual creditors who are the Debtors' employees and independent contractors from the Creditor Matrix because such information could be used to perpetrate identity theft.  The Debtors propose to provide an unredacted version of the Creditor Matrix to the Court, the Office of the United States Trustee for the Southern District of Texas (the "U.S. Trustee"), and any official committees appointed in these chapter 11 cases.

13.     Courts in this jurisdiction have granted the relief requested herein in comparable chapter 11 cases.  *See, e.g.*, *In re Seadrill Ltd.*, No. 17-60079 (DRJ) (Bankr. S.D. Tex. Sept. 13, 2017) (authorizing the debtors to redact certain personal information of individual creditors); *In re GenOn Energy, Inc.*, No. 17-33695 (DRJ) (Bankr. S.D. Tex. June 15, 2017) (same); *In re CJ Holding Co.*, No. 16-33590 (DRJ) (Bankr. S.D. Tex. July 21, 2016) (same); *In re SandRidge Energy LLC*, No. 16-32488 (DRJ) (Bankr. S.D. Tex. May 18, 2016) (same); *In re Linn Energy LLC*, No. 16-60040 (DRJ) (Bankr. S.D. Tex. May 13, 2016) (same).[4]

---

[4] Because of the voluminous nature of these orders, such orders have not been attached to this Motion.  Copies of these orders are available upon request to the Debtors' proposed counsel.

14. For these reasons, the Debtors respectfully submit that cause exists to authorize the Debtors to redact name and address information of individual creditors who are the Debtors' employees and independent contractors from the Creditor Matrix because such information could be used to perpetrate identity theft or unlawful injury to an individual.

**V.    Service of the Notice of Commencement.**

15. Bankruptcy Rule 2002(a) provides, in relevant part, that "the clerk, or some other person as the court may direct, shall give the debtor, the trustee, all creditors and indenture trustees at least 21 days' notice by mail of: (1) the meeting of creditors under § 341 or § 1104(b) of the Code." Fed. R. Bankr. P. 2002(a). Bankruptcy Rule 2002(f) provides that notice of the order for relief shall be sent by mail to all creditors. Fed. R. Bankr. P. 2002(f).

16. Through Prime Clerk LLC, the Debtors' proposed claims, noticing, solicitation, and administrative agent, the Debtors propose to serve the Notice of Commencement, substantially in the form attached as **Exhibit 1** to **Exhibit A** attached hereto (the "Notice of Commencement"), on all parties listed on the Creditor Matrix to advise them of the meeting of creditors under section 341 of the Bankruptcy Code. Service of the single Notice of Commencement on the Creditor Matrix will not only avoid confusion among creditors, but will prevent the Debtors' estates from incurring unnecessary costs associated with serving multiple notices to the parties listed on the Debtors' voluminous Creditor Matrix. Accordingly, the Debtors submit that service of a single Notice of Commencement is warranted.

**Emergency Consideration**

17. Pursuant to Bankruptcy Local Rule 9013-1(i), the Debtors respectfully request emergency consideration of this Motion pursuant to Bankruptcy Rule 6003, which empowers a court to grant relief within the first 21 days after the commencement of a chapter 11 case "to the

7

extent that relief is necessary to avoid immediate and irreparable harm." This Motion requests relief from procedural rules and requirements that pertain to matters of immediate significance or which involve deadlines sooner than 21 days after the Petition Date. The relief will save costs and avoid undue administrative burden and confusion only if granted before the applicable deadlines. Accordingly, the Debtors submit that they have satisfied the "immediate and irreparable harm" standard of Bankruptcy Rule 6003 and, therefore, respectfully request that the Court approve the relief requested in this Motion on an emergency basis.

## Notice

18. Notice of the hearing on the relief requested in the Motion has been provided by the Debtors in accordance and compliance with Bankruptcy Rules 4001 and 9014, as well as the Bankruptcy Local Rules, and is sufficient under the circumstances. Without limiting the forgoing, due notice was afforded, whether by facsimile, electronic mail, overnight courier or hand delivery, to parties-in-interest, including (a) the U.S. Trustee; (b) entities listed as holding the 30 largest unsecured claims against the Debtors (on a consolidated basis); (c) the agent for the Debtors' receivables based credit facility; (d) the agent for the Debtors' term loan credit facility; (e) the indenture trustees for the Debtors' priority guarantee notes, 14.0% senior notes due 2021, 6.875% senior notes due 2018, and 7.25% senior notes due 2027; (f) counsel to an ad hoc group of lenders under the Debtors' term loan credit facility and priority guarantee noteholders; (g) counsel to an ad hoc group of lenders under the Debtors' term loan credit facility; (h) counsel to an ad hoc group of holders of 6.875% senior notes due 2018 and 7.25% senior notes due 2027; (i) counsel to an ad hoc group of holders of 14.0% senior notes due 2021; (j) the Office of the United States Attorney for the Southern District of Texas; (k) the state attorneys general for states in which the Debtors conduct business; (l) the Internal Revenue Service; (m) the Securities and Exchange Commission;

and (n) any party that has requested notice pursuant to Bankruptcy Rule 2002. The Debtors submit that, in light of the nature of the relief requested, no other or further notice need be given.

[*Remainder of page intentionally left blank*]

WHEREFORE, the Debtors respectfully request that the Court enter the Order, substantially in the form attached hereto as **Exhibit A**, granting the relief requested in this Motion and granting such other and further relief as is appropriate under the circumstances.

Houston, Texas
March 15, 2018

/s/ *Patricia B. Tomasco*

| | |
|---|---|
| Patricia B. Tomasco (TX Bar No. 01797600) | James H.M. Sprayregen, P.C. (*pro hac vice* pending) |
| Matthew D. Cavenaugh (TX Bar No. 24062656) | Anup Sathy, P.C. (*pro hac vice* pending) |
| Jennifer F. Wertz (TX Bar No. 24072822) | Brian D. Wolfe (*pro hac vice* pending) |
| **JACKSON WALKER L.L.P.** | William A. Guerrieri (*pro hac vice* pending) |
| 1401 McKinney Street, Suite 1900 | **KIRKLAND & ELLIS LLP** |
| Houston, Texas 77010 | **KIRKLAND & ELLIS INTERNATIONAL LLP** |
| Telephone: (713) 752-4200 | 300 North LaSalle Street |
| Facsimile: (713) 752-4221 | Chicago, Illinois 60654 |
| Email: ptomasco@jw.com | Telephone: (312) 862-2000 |
| mcavenaugh@jw.com | Facsimile: (312) 862-2200 |
| jwertz@jw.com | Email: james.sprayregen@kirkland.com |
| | anup.sathy@kirkland.com |
| *Proposed Co-Counsel to the Debtors* | brian.wolfe@kirkland.com |
| *and Debtors in Possession* | will.guerrieri@kirkland.com |

-and-

Christopher J. Marcus, P.C. (*pro hac vice* pending)
**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
601 Lexington Avenue
New York, New York 10022
Telephone:     (212) 446-4800
Facsimile:     (212) 446-4900
Email:         christopher.marcus@kirkland.com

*Proposed Co-Counsel to the Debtors*
*and Debtors in Possession*

## Certificate of Service

I certify that on March 15, 2018, I caused a copy of the foregoing document to be served by the Electronic Case Filing System for the United States Bankruptcy Court for the Southern District of Texas.

*/s/ Patricia B. Tomasco*
Patricia B. Tomasco