United States Bankruptcy Court Southern - Texas
ENTERED
03/15/2018

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| In re: | § | Chapter 11 |
| IHEARTMEDIA, INC., *et al.*,[1] | § | Case No. 18-31274 (MI) |
| Debtors. | § | (Jointly Administered) |
| | § | **Re: Docket No. 9** |

**INTERIM ORDER (I) AUTHORIZING THE DEBTORS TO (A) PAY PREPETITION WAGES, SALARIES, OTHER COMPENSATION, AND REIMBURSABLE EXPENSES AND (B) CONTINUE EMPLOYEE BENEFITS PROGRAMS AND (II) GRANTING RELATED RELIEF**

Upon the motion (the "Motion")[2] of the above-captioned debtors and debtors in possession (collectively, the "Debtors") for entry of an interim order (this "Interim Order"), (a) authorizing, but not directing, the Debtors to (i) pay prepetition wages, salaries, other compensation, and reimbursable expenses, and (ii) continue employee benefits programs in the ordinary course of business, including payment of certain prepetition obligations related thereto, and (b) granting related relief; all as more fully set forth in the Motion; and upon the First Day Declaration; and this Court having jurisdiction over this matter pursuant to 28 U.S.C. § 1334; and this Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and this Court having found that it may enter a final order consistent with Article III of the United States Constitution; and this Court having found that venue of this proceeding and the Motion in this district is permissible pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found

[1] Due to the large number of Debtors in these chapter 11 cases, for which joint administration has been requested, a complete list of the Debtors and the last four digits of their tax identification, registration, or like numbers is not provided herein. A complete list of such information may be obtained on the website of the Debtors' proposed claims and noticing agent at http://cases.primeclerk.com/iheartmedia. The location of Debtor iHeartMedia, Inc.'s principal place of business and the Debtors' service address is: 20880 Stone Oak Parkway, San Antonio, Texas 78258.

[2] Capitalized terms used herein but not otherwise defined have the meanings ascribed in the Motion.

that the relief requested in the Motion is in the best interests of the Debtors' estates, their creditors, and other parties in interest; and this Court having found that the Debtors' notice of the Motion and opportunity for a hearing on the Motion were appropriate under the circumstances and no other notice need be provided; and this Court having reviewed the Motion and having heard the statements in support of the relief requested therein at a hearing before this Court (the "Hearing"); and this Court having determined that the legal and factual bases set forth in the Motion and at the Hearing establish just cause for the relief granted herein; and this Court having determined that the relief requested in the Motion is necessary to avoid immediate and irreparable harm to the Debtors and their estates; and upon all of the proceedings had before this Court; and after due deliberation and sufficient cause appearing therefor, it is HEREBY ORDERED THAT:

1. The Motion is granted on an interim basis as set forth herein.

2. The final hearing (the "Final Hearing") on the Motion shall be held on April 12, 2018 at 2:00 P.M. , prevailing Central Time. Any objections or responses to entry of a final order on the Motion shall be filed on or before 4:00 p.m., prevailing Central Time, on April 9, 2018. In the event no objections to entry of a final order on the Motion are timely received, the Court may enter such final order without need for the Final Hearing.

3. The Debtors are authorized, but not directed, to continue and/or modify the Employee Compensation and Benefits in the ordinary course of business, in accordance with the Debtors' prepetition policies and practices, and, in the Debtors' discretion, to pay and honor prepetition amounts related thereto in an aggregate interim amount of approximately $38.9 million; *provided*, that, pending entry of the Final Order, the Debtors shall not honor any Employee Compensation and Benefits obligations that exceed the priority amounts set forth in

sections 507(a)(4) and 507(a)(5) of the Bankruptcy Code and shall not pay any prepetition amounts on account of Reimbursable Expenses that exceed the priority amounts set forth in sections 507(a)(4) and 507(a)(5) of the Bankruptcy Code; *provided, further*, that pending entry of the Final Order, nothing herein shall be deemed to authorize the payment of any prepetition amounts on account of the Non-Insider Severance Programs, the Non-Insider Specialized Employee Incentive Programs, or the Deferred Compensation Plan; *provided, further*, that nothing in this Interim Order shall be deemed to authorize the payment of any amounts which are subject to section 503(c) of the Bankruptcy Code.

4. The Debtors are authorized to continue the Purchase Card Program and the V Cards subject to the terms and conditions thereof, including the payment of any service fees incurred in connection therewith, and to pay any prepetition amounts related thereto.

5. Pursuant to section 362(d) of the Bankruptcy Code, (a) Employees are authorized to proceed with their workers' compensation claims in the appropriate judicial or administrative forum under the Workers' Compensation Programs, and the Debtors are authorized to pay all prepetition amounts relating thereto in the ordinary course of business and (b) the notice requirements pursuant to Bankruptcy Rule 4001(d) with respect to clause (a) are waived. This modification of the automatic stay pertains solely to claims under the Workers' Compensation Programs.

6. Notwithstanding the relief granted herein and any actions taken hereunder, nothing contained in the Motion or this Interim Order or any payment made pursuant to this Interim Order shall constitute, nor is it intended to constitute, (a) an admission as to the validity or priority of any claim or lien against the Debtors, (b) a waiver of the Debtors' rights to subsequently dispute such claim or lien on any grounds, (c) a promise or requirement to pay any

prepetition claim, (d) an implication or admission that any particular claim is of a type specified or defined in the Motion or this Interim Order, (e) a request or authorization to assume any prepetition agreement, contract, or lease pursuant to section 365 of the Bankruptcy Code, or (f) a waiver of the Debtors' rights under the Bankruptcy Code or any other applicable law.

7. Nothing in the Motion or this Interim Order shall impair the ability of the Debtors to contest the validity or amount of any payment made pursuant to this Interim Order.

8. Notwithstanding the relief granted herein or any action taken hereunder, nothing contained in this Interim Order shall create any rights in favor of, or enhance the status of any claim held by, any Employee, Temporary Staff, or other person or entity.

9. The Debtors' banks and financial institutions on which checks were drawn or electronic fund transfer requests made in payment of the prepetition obligations approved herein are authorized and directed to receive, process, honor, and pay all such checks and electronic fund transfer requests when presented for payment, and all such banks and financial institutions are authorized to rely on the Debtors' designation of any particular check or electronic fund transfer request as approved by this Interim Order.

10. The Debtors are authorized to issue postpetition checks, or to effect postpetition fund transfer requests, in replacement of any checks or fund transfer requests that are dishonored as a consequence of these chapter 11 cases with respect to prepetition amounts owed in connection with any Employee Compensation and Benefits.

11. Notwithstanding the relief granted in this Interim Order, any payment made by the Debtors pursuant to the authority granted herein, and any relief or authorization granted hereunder, shall not be inconsistent with, and shall be subject to, any order and/or stipulation authorizing the use of cash collateral (collectively, the "Cash Collateral Order"), and nothing

herein shall alter the rights of the secured parties under such Cash Collateral Order. To the extent that there may be any inconsistency between the terms of this Interim Order and the terms of such Cash Collateral Order, the terms of the Cash Collateral Order shall govern.

12. The contents of the Motion satisfy the requirements of Bankruptcy Rule 6003(b).

13. Notice of the Motion satisfies the requirements of Bankruptcy Rule 6004(a).

14. Notwithstanding Bankruptcy Rule 6004(h), the terms and conditions of this Interim Order are immediately effective and enforceable upon its entry.

15. The Debtors are authorized to take all actions necessary to effectuate the relief granted in this Interim Order in accordance with the Motion.

16. This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Interim Order.

Dated: 3-15, 2018
Houston, Texas

THE HONORABLE MARVIN ISGUR
UNITED STATES BANKRUPTCY JUDGE