United States Bankruptcy Court Southern - Texas
ENTERED
04/12/2018

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| | § | |
| In re: | § | Chapter 11 |
| | § | |
| IHEARTMEDIA, INC., *et al.*,[1] | § | Case No. 18-31274 (MI) |
| | § | |
| Debtors. | § | (Jointly Administered) |
| | § | |
| | § | **Re: Docket Nos. 9, 103** |

**FINAL ORDER (I) AUTHORIZING THE DEBTORS TO (A) PAY PREPETITION WAGES, SALARIES, OTHER COMPENSATION, AND REIMBURSABLE EXPENSES AND (B) CONTINUE EMPLOYEE BENEFITS PROGRAMS AND (II) GRANTING RELATED RELIEF**

Upon the motion (the "Motion")[2] of the above-captioned debtors and debtors in possession (collectively, the "Debtors") for entry of a final order (this "Final Order"), (a) authorizing, but not directing, the Debtors to (i) pay prepetition wages, salaries, other compensation, and reimbursable expenses, and (ii) continue employee benefits programs in the ordinary course of business, including payment of certain prepetition obligations related thereto, and (b) granting related relief; all as more fully set forth in the Motion; and upon the First Day Declaration; and this Court having jurisdiction over this matter pursuant to 28 U.S.C. § 1334; and
this Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and this Court having found that it may enter a final order consistent with Article III of the United States Constitution; and this Court having found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that the

[1] Due to the large number of Debtors in these chapter 11 cases, for which joint administration has been granted, a complete list of the Debtors and the last four digits of their tax identification, registration, or like numbers is not provided herein. A complete list of such information may be obtained on the website of the Debtors' claims and noticing agent at https://cases.primeclerk.com/iheartmedia. The location of Debtor iHeartMedia, Inc.'s principal place of business and the Debtors' service address is: 20880 Stone Oak Parkway, San Antonio, Texas 78258.

[2] Capitalized terms used but not otherwise defined herein have the meanings ascribed to them in the Motion.

relief requested in the Motion is in the best interests of the Debtors' estates, their creditors, and other parties in interest; and this Court having found that the Debtors' notice of the Motion and opportunity for a hearing on the Motion were appropriate and no other notice need be provided; and this Court having reviewed the Motion and having heard the statements in support of the relief requested therein at a hearing before this Court (the "Hearing"); and this Court having determined that the legal and factual bases set forth in the Motion and at the Hearing establish just cause for the relief granted herein; and upon all of the proceedings had before this Court; and after due deliberation and sufficient cause appearing therefor, it is HEREBY ORDERED THAT:

1. The Motion is granted on a final basis as set forth herein.

2. The Debtors are authorized, but not directed, to continue the Employee Compensation and Benefits on a postpetition basis, in the ordinary course of business, in accordance with the Debtors' prepetition policies and practices, and, in the Debtors' discretion, to pay and honor prepetition amounts related thereto; *provided*, *that* nothing in this Final Order shall be deemed to authorize the payment of any amounts which are subject to section 503(c) of the Bankruptcy Code.

3. If the Debtors contemplate making any payments on account of any severance obligations in excess of (a) $1,000,000 in the aggregate in any calendar month or (b) $75,000 to an individual, as described in the Motion, the Debtors shall, to the extent reasonably practicable, provide three (3) days' advance notice to the Official Committee of Unsecured Creditors (the "Committee") and the U.S. Trustee.

4. The Debtors will provide the Committee and the U.S. Trustee a quarterly report detailing the Programming Bonuses, Sales Bonuses, or Other Bonuses which are paid pursuant to this Final Order every quarter on the 15th day of the month following the end of the calendar

quarter, beginning with the quarter ending June 30, 2018, and will provide notice to the Committee and the U.S. Trustee if Debtors propose to make any postpetition payment to an individual on account of, or modify in any way, the Programming, Sales, and Other Bonuses, outside of the ordinary course of business.

5. The Debtors are authorized to continue the Purchase Card Program and the V Cards subject to the terms and conditions thereof, including the payment of any service fees incurred in connection therewith, and to pay any prepetition amounts related thereto.

6. The automatic stay of section 362 of the Bankruptcy Code, to the extent applicable, is hereby lifted to permit (a) Employees[3] to proceed with their workers' compensation claims, whether arising prior to or subsequent to the Petition Date, in the appropriate judicial or administrative forum under the Workers' Compensation Programs[4], (b) the Debtors, and if applicable, their insurance carriers and/or third party administrators providing or administering coverage for any workers' compensation claims to handle, administer, defend, settle, and/or pay any unpaid claims under the Workers' Compensation Program, and (c) the Debtors to pay all amounts relating thereto in the ordinary course of business, and the notice requirements pursuant to Bankruptcy Rule 4001(d) with respect to clause (a) are waived. This modification of the automatic stay pertains solely to claims under the Workers' Compensation Programs.

7. Nothing herein alters or amends (a) the terms and conditions of the Workers' Compensation Programs or (b) the right, if any, of any insurer or third-party administrator to draw

---

[3] For the avoidance of doubt, the term "Employees" shall include all current and former employees and all current and former Temporary Staff.

[4] For the avoidance of doubt, the term "Workers' Compensation Programs" shall include all workers' compensation insurance policies issued to or providing coverage to any of the Debtors (or any predecessor) at any time, whether current or expired, and all agreements related thereto.

on and apply any collateral to the Workers' Compensation Obligations to the extent that the Debtors fail to reimburse the insurer or third-party administrator therefor.

8. Notwithstanding the relief granted herein and any actions taken hereunder, nothing contained in the Motion or this Final Order or any payment made pursuant to this Final Order shall constitute, nor is it intended to constitute, (a) an admission as to the validity or priority of any claim or lien against the Debtors, (b) a waiver of the Debtors' rights to subsequently dispute such claim or lien on any grounds, (c) a promise or requirement to pay any prepetition claim, (d) an implication or admission that any particular claim is of a type specified or defined in the Motion or this Final Order, (e) a request or authorization to assume any prepetition agreement, contract, or lease pursuant to section 365 of the Bankruptcy Code, or (f) a waiver of the Debtors' rights under the Bankruptcy Code or any other applicable law.

9. Notwithstanding the relief granted herein or any action taken hereunder, nothing contained in this Final Order shall create any rights in favor of, or enhance the status of any claim held by, any Employee, Temporary Staff, or other person or entity.

10. The Debtors' banks and financial institutions on which checks were drawn or electronic fund transfer requests made in payment of the prepetition obligations approved herein are authorized and directed to receive, process, honor, and pay all such checks and electronic fund transfer requests when presented for payment, and all such banks and financial institutions are authorized to rely on the Debtors' designation of any particular check or electronic payment request as approved by this Final Order.

11. The Debtors are authorized to issue postpetition checks, or to effect postpetition fund transfer requests, in replacement of any checks or fund transfer requests that are dishonored

as a consequence of these chapter 11 cases with respect to prepetition amounts owed in connection with any Employee Compensation and Benefits.

12. Notwithstanding the relief granted in this Final Order, any payment made by the Debtors pursuant to the authority granted herein, and any relief or authorization granted hereunder, shall not be inconsistent with, and shall be subject to, any order and/or stipulation authorizing the use of cash collateral (collectively, the "Cash Collateral Order"), and nothing herein shall alter the rights of the secured parties under such Cash Collateral Order. To the extent that there may be any inconsistency between the terms of this Final Order and the terms of such Cash Collateral Order, the terms of the Cash Collateral Order shall govern.

13. Notice of the Motion satisfies the requirements of Bankruptcy Rule 6004(a).

14. Notwithstanding Bankruptcy Rule 6004(h), the terms and conditions of this Final Order are immediately effective and enforceable upon its entry.

15. The Debtors are authorized to take all actions necessary to effectuate the relief granted in this Final Order in accordance with the Motion.

16. This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Final Order.

Signed: April 12, 2018

Marvin Isgur
United States Bankruptcy Judge