## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

|  |  |  |
|---|---|---|
| In re: | ) ) | Chapter 11 |
| IHEARTMEDIA, INC., *et al.*,[1] | ) ) | Case No. 18-31274 (MI) |
| Debtors. | ) ) ) | (Jointly Administered) |

**MOTION OF THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS OF IHEARTMEDIA, INC.,** ***ET AL.*** **FOR ENTRY OF AN ORDER CLARIFYING THE REQUIREMENT TO PROVIDE ACCESS TO CONFIDENTIAL OR PRIVILEGED INFORMATION AND APPROVING A PROTOCOL REGARDING CREDITOR REQUESTS FOR INFORMATION**

> **THIS MOTION SEEKS AN ORDER THAT MAY ADVERSELY AFFECT YOU. IF YOU OPPOSE THE MOTION, YOU SHOULD IMMEDIATELY CONTACT THE MOVING PARTY TO RESOLVE THE DISPUTE.  IF YOU AND THE MOVING PARTY CANNOT AGREE, YOU MUST FILE A RESPONSE AND SEND A COPY TO THE MOVING PARTY.  YOU MUST FILE AND SERVE YOUR RESPONSE WITHIN 21 DAYS OF THE DATE THIS WAS SERVED ON YOU.  YOUR RESPONSE MUST STATE WHY THE MOTION SHOULD NOT BE GRANTED.  IF YOU DO NOT FILE A TIMELY RESPONSE, THE RELIEF MAY BE GRANTED WITHOUT FURTHER NOTICE TO YOU.  IF YOU OPPOSE THE MOTION AND HAVE NOT REACHED AN AGREEMENT, YOU MUST ATTEND THE HEARING.  UNLESS THE PARTIES AGREE OTHERWISE, THE COURT MAY CONSIDER EVIDENCE AT THE HEARING AND MAY DECIDE THE MOTION AT THE HEARING.**
>
> **REPRESENTED PARTIES SHOULD ACT THROUGH THEIR ATTORNEY.**
>
> **A HEARING WILL BE HELD ON THIS MATTER ON MAY 30, 2018, AT 10:00 A.M. (CT) BEFORE THE HONORABLE MARVIN ISGUR, 515 RUSK STREET, COURTROOM 404, HOUSTON, TEXAS 77002.**

---

[1]  Due to the large number of Debtors in these chapter 11 cases, for which joint administration has been granted, a complete list of the Debtors and the last four digits of their tax identification, registration, or like numbers is not provided herein.  A complete list of such information may be obtained on the website of the Debtors' claims and noticing agent at https://cases.primeclerk.com/iheartmedia.

The Official Committee of Unsecured Creditors (the "Committee") of iHeartMedia, Inc. and its affiliated debtors and debtors in possession (collectively, the "Debtors"), by and through its undersigned proposed counsel, hereby moves, pursuant to sections 105(a), 107(b), and 1102(b)(3)(A) of title 11 of the United States Code (the "Bankruptcy Code") and Rule 9018 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), for entry of an order, substantially in the form attached hereto as **Exhibit A** (the "Proposed Order"), clarifying the requirements of the Committee to provide access to confidential or privileged information to creditors and approving a protocol regarding creditor requests for information (the "Motion"). In support of the Motion, the Committee respectfully states as follows:

## JURISDICTION AND VENUE

1. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §1334 and the *Order of Reference to Bankruptcy Judges (District Court General Order 2012-6)*, dated May 24, 2012 (the "Standing Order").

2. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

3. The legal bases for the relief requested herein are Bankruptcy Code sections 105(a), 107(b), and 1102(b)(3)(A) and (B) and Bankruptcy Rule 9018.

## BACKGROUND

4. On March 14, 2018, each of the Debtors filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code. The Debtors are operating their businesses and managing their properties as debtors in possession pursuant to Bankruptcy Code sections 1107(a) and 1108. These chapter 11 cases have been consolidated for procedural purposes only and are being jointly administered pursuant to Bankruptcy Rule 1015(b) [Docket No. 76].

5. On March 21, 2018 (the "Committee Formation Date"), the United States Trustee for the Southern District of Texas (the "U.S. Trustee") appointed the Committee pursuant to

Bankruptcy Code section 1102 [Docket No. 244]. The Committee currently consists of: (i) Delaware Trust Company, as indenture trustee; (ii) Wilmington Savings Fund Society, FSB, as indenture trustee; (iii) the Nielsen Company (US), LLC; (iv) SoundExchange, Inc; (v) Warner Music Inc.; (vi) Spotify USA, Inc.; and (vii) Univision Communications, Inc.

6. Before filing this Motion, each member of the Committee, and each of the Committee's proposed professionals (collectively, the "Committee Professionals")[2] entered into confidentiality agreements with the Debtors that, among other things, govern the use and disclosure of non-public information provided to the Committee by or on behalf of the Debtors (the "Confidential Debtor Information").

7. The Committee also has adopted by-laws, which contain numerous provisions designed to, among other things, protect confidential information, materials, and communications produced by or related to the Committee, its members, and its professionals, as well as privileged information (collectively, the "Confidential Committee Information"). Confidential Committee Information includes any and all written and oral correspondence, reports, and memoranda prepared by the Committee Professionals for the benefit of the Committee as well as all related communications received by any of the members of the Committee, including reports disseminated by Committee members among themselves and/or the Committee Professionals.

## RELIEF REQUESTED

8. Pursuant to this Motion, the Committee requests entry of the Proposed Order, effective as of the Committee Formation Date, authorizing the Committee to establish and

---

[2] On March 26, 2018, the Committee selected Akin Gump Strauss Hauer & Feld LLP and FTI Consulting, Inc., as its counsel and financial advisor, respectively, subject to Court approval. On March 30, 2018, the Committee selected Jefferies LLC as its investment banker, subject to Court approval.

3

implement a protocol (the "Creditor Information Protocol") in accordance with Bankruptcy Code sections 1102(b)(3)(A) and (B) to facilitate the Committee's obligation to provide information to the Debtors' unsecured creditor constituency.

9. Additionally, the Committee seeks express authority to maintain a website for the benefit of the Debtors' creditors.[3] This website will be used to make non-confidential and non-privileged information available to the Debtors' unsecured creditors that is either not otherwise readily available or that the Committee determines should be further highlighted for unsecured creditors.

## BASIS FOR RELIEF REQUESTED

10. Bankruptcy Code section 1102(b)(3) provides, in relevant part, that a creditors' committee appointed under Bankruptcy Code section 1102(a) shall "provide access to information for creditors who (i) hold claims of the kind represented by that committee; and (ii) are not appointed to the committee." 11 U.S.C. § 1102(b)(3)(A). Bankruptcy Code section 1102(b)(3)(A) does not indicate how a creditors' committee should provide "access to information" to creditors nor does the associated legislative history provide any guidance.

11. As Bankruptcy Code section 1102(b)(3)(A) simply requires a creditors' committee to "provide access to information," yet sets forth no guidelines as to the type, kind and extent of the information to be provided, the statute could be read as requiring a creditors' committee to provide access to all information provided to it by any party, or developed through the exercise of its investigative function, regardless of whether the information is confidential, privileged, proprietary, or material non-public information and regardless of whether disseminating such information implicates securities law disclosure requirements (where

---

[3] The Committee's website can be found at https://cases.primeclerk.com/iheartcommittee.

4

applicable). The legislative history for Bankruptcy Code section 1102 does not provide any further guidance on this point and merely reiterates that language of section 1102(b)(3). *See* H.R. Rep. No. 109-31, 109th Cong., 1st Sess. 87 (2005) ("Section 405(b) requires the committee to give creditors having claims of the kind represented by the committee access to information. In addition, the committee must solicit and receive comments from these creditors and, pursuant to court order, make additional reports or disclosures available to them.").

12. The lack of specificity in Bankruptcy Code section 1102(b)(3)(A) is a potential source of confusion for creditors and creditors' committees. Here, as is typical in most chapter 11 cases, the Committee already has received and expects to continue to receive confidential and other non-public proprietary information from the Debtors and other parties in interest. This information likely will be used for, among other things, valuing assets, understanding the Debtors' operations, analyzing potential claims and causes of action, and consideration of restructuring proposals. However, a creditor taking an extreme view of Bankruptcy Code section 1102(b)(3)(A) might argue that section 1102(b)(3)(A) requires the Committee to share another party's (including the Debtors') confidential information that such creditor would not be able to obtain otherwise. Such an interpretation has a strong potential to chill information sharing between stakeholders and hinder the restructuring process to the detriment of all parties in interest.

13. Moreover, Bankruptcy Code section 1102(b)(3)(A) also could be read to permit the disclosure of attorney-client privileged information or information protected by any other applicable privilege or doctrine. Such a reading of the statute raises the question of whether the Committee could be required to disclose another party's or its own privileged information. An obligation to disseminate privileged information or Confidential Committee Information would

5

limit the Committee Professionals' ability to communicate effectively with and advise the Committee, thereby reducing the benefit that active Committee engagement brings to the administration of these cases.

14. The Committee seeks to avoid the foregoing issues as well as any other potential issues that could arise by implementing the following Creditor Information Protocol through the Proposed Order:

   a. Privileged and Confidential Information: The Committee shall not be required to disseminate to any entity (all references to "entity" herein shall be as defined in Bankruptcy Code section 101(15)) (i) without further order of the Court, Confidential Debtor Information, Confidential Committee Information or confidential and non-public proprietary information from other parties ("Confidential Non-Debtor Information" and, collectively with Confidential Debtor Information and Confidential Committee Information, the "Confidential Information") or (ii) any information subject to attorney-client or some other state, federal, or other jurisdictional law privilege (including attorney-work product), whether such privilege is solely controlled by the Committee or is a joint or common interest privilege with Debtors or some other party (collectively, the "Privileged Information"). In addition, the Committee shall not be required to provide access to information or solicit comments from any entity that has not demonstrated to the satisfaction of the Committee, in its sole discretion, or to the Court, that it holds a claim of the kind described in Bankruptcy Code section 1102(b)(3).

   b. Information Obtained Through Discovery: Any information received (formally or informally) pursuant to Bankruptcy Rule 2004 or in connection with any formal or informal discovery in any contested matter, adversary proceeding, or other litigation shall not be governed by any order entered with respect to this Motion but, rather, by any order governing such discovery. The Committee shall not be obligated to provide any information the Committee obtains from third parties.

   c. Creditor Information Requests: If a creditor (a "Requesting Creditor") submits a written request to the Committee or its professionals (an "Information Request") for the Committee to disclose information, pursuant to Bankruptcy Code section 1102(b)(3)(A), the Committee shall, as soon as reasonably practicable, but no more than thirty (30) days after receipt of the Information Request, provide a response to the Information Request (a "Response"), including providing access to the information requested or the reasons the Committee cannot disclose the information requested by such Information Request. If the Response is to deny the Information Request because the Committee believes the Information Request implicates Confidential Information or Privileged Information that need not be disclosed, including, but not limited to, (i) pursuant to the terms of this Order or

6

    otherwise under Bankruptcy Code section 1102(b)(3)(A), (ii) because such disclosure is prohibited under applicable law, (iii) because such information was obtained by the Committee pursuant to an agreement to maintain it as confidential, or (iv) that the Information Request is unduly burdensome, the Requesting Creditor may, after a good faith effort to meet and confer with an authorized representative of the Committee regarding the Information Request and the Response, seek to compel such disclosure for cause pursuant to a motion. Such motion shall be properly served, including on the Debtors and the Committee Professionals, and the hearing on such motion shall be noticed and scheduled. Nothing shall preclude the Requesting Creditor from requesting (or the Committee objecting to such request) that the Committee provide the Requesting Creditor a log or other index of any information specifically responsive to the Requesting Creditor's request that the Committee deems to be Confidential Information or Privileged Information. Further, the Requesting Creditor will be permitted to request that the Court conduct an *in camera* review of information that the Committee sets forth in the Response that it cannot share.

d. <u>Release of Confidential Information of Third Parties</u>: If the Information Request implicates Confidential Debtor Information or Confidential Non-Debtor Information and the Committee agrees that such request should be satisfied, or if the Committee without a third party request wishes to disclose such Confidential Information to creditors, the Committee may request (a "<u>Demand</u>") for the benefit of the Debtors' creditors: (i) if the Confidential Information is Confidential Debtor Information, by submitting a written request to counsel for the Debtors, requesting that such information be disclosed and (ii) if the Confidential Information is Confidential Non-Debtor Information, by submitting a written request to such third party and its counsel of record, with a copy to the Debtors' counsel, that such information be disclosed. If the Debtor or other entity does not agree in writing within ten (10) days after receipt of the Demand to disclose such information, the Committee or the Requesting Creditor may file a motion seeking a ruling with respect to the Demand, and the Debtors or such other entity, as applicable, may file an objection to such motion on any basis. Demands submitted to counsel to the Debtors pursuant to this clause (d) shall be submitted by email to: Anup Sathy (<u>anup.sathy@kirkland.com</u>), Christopher Marcus (<u>christopher.marcus@kirkland.com</u>) and Will Guerrieri (<u>will.guerrieri@kirkland.com</u>). The Committee will not be authorized to disclose Confidential Debtor Information or Confidential Non-Debtor Information absent an agreement in writing from the Debtors (or their professional advisors) or such third party, as applicable, or further order of the Court.

e. The Committee (or its members and representatives) will not be precluded from discussing commonly-received Confidential Information (and sharing analyses or other documents generated by the Committee based on such commonly-received Confidential Information) with any other party in interest in the Debtors' chapter 11 cases and/or its advisor(s) that have signed a confidentiality agreement similar to the confidentiality agreement entered into between the Committee and the Debtors or any other party.

15. The Proposed Order would also permit, but not require, the Committee to provide access to Privileged Information to any party so long as the relevant privilege was held and controlled solely by the Committee and did not include Confidential Debtor Information or Confidential Non-Debtor Information.

16. The Committee believes that granting the relief requested herein will ensure efficient administration of these cases and active Committee engagement. Moreover, it is consistent with the language of the Bankruptcy Code. Congress did not intend for a creditors' committee to be required to provide unfettered access to every type and kind of information that a creditors' committee receives from another party as that would result in Bankruptcy Code section 1102(b)(3) frustrating other provisions of the Bankruptcy Code and Bankruptcy Rules, including Bankruptcy Code section 107(b) and Bankruptcy Rule 9018.

17. Bankruptcy Code section 107(b)(1) provides that "on request of a party in interest, the bankruptcy court shall . . . protect an entity with respect to a trade secret or confidential research, development, or commercial information." The language of Bankruptcy Code section 107(b)(1) is mandatory, not permissive. *Video Software Dealers Ass'n v. Orion Pictures Corp.*, 21 F.3d 24, 27 (2d Cir. 1994) (providing that the protections of section 107(b)(1) are mandatory upon request). The plain language of the Bankruptcy Code mandates that confidential information be protected.

18. Bankruptcy Rule 9018 further supports an interpretation of section 1102(b)(3) that does not require creditors' committees to disseminate confidential or privileged information or materials. Bankruptcy Rule 9018 states, in relevant part, that "[o]n motion or on its own initiative, with or without notice, the court may make any order which justice requires (1) to protect the estate or any entity in respect of a trade secret or other confidential research,

development, or commercial information . . . ." Fed. R. Bankr. P. 9018. Bankruptcy Rule 9018 goes a step further than Bankruptcy Code section 107(b)(1)—the rule expressly allows a court to act on its own initiative.

19. Finally, Bankruptcy Code section 105(a) empowers the Court to "issue any order . . . that is necessary or appropriate to carry out the provisions of this title." The Committee submits the requested relief is both necessary for the Committee to fulfill its obligations as set forth under Bankruptcy Code section 1103(c) and appropriate in light of Bankruptcy Code section 107(b)(1), Bankruptcy Rule 9018, and the equitable considerations of efficient case administration.

20. The Creditor Information Protocol sets forth narrowly tailored rules designed to protect the interests of the Debtors, the Committee, and affected creditors while permitting reasonable access to information for the Debtors' unsecured creditors. The relief requested also ensures the proper functioning of the chapter 11 process and open informal discovery and due diligence. Bankruptcy courts in this District routinely grant relief similar to the relief requested by this Motion. *See, e.g.*, *Cobalt International Energy, et al.*, Case No. 17-36709 (Bankr. S.D. Tex. Jan. 11, 2018); *Seadrill Limited, et al.*, Case No. 17-600079 (Bankr. S.D. Tex. Dec. 12, 2017); *In re Ignite Restaurant Group Inc., et al.*, Case No. 17-33550 (Bankr S.D. Tex. Aug. 17, 2017); *In re LINN Energy, LLC*, Case No. 16-60040 (Bankr. S.D. Tex. Aug. 25, 2016); *In re Autoseis, Inc.*, Case No. 14-20130 (Bankr. S.D. Tex. June 5, 2014*); In re ATP Oil & Gas Corp.*, Case No. 12-36187 (Bankr. S.D. Tex. Nov. 29, 2012).

## NO PRIOR REQUEST

21. No prior request for the relief sought in this Motion has been made to this or any other court.

WHEREFORE, the Committee respectfully requests that the Court (i) enter the Proposed Order, substantially in the form attached hereto as **Exhibit A** and (ii) grant the Committee such other and further relief as is just, proper and equitable.

Dated: April 19, 2018

Respectfully Submitted,

**AKIN GUMP STRAUSS HAUER & FELD LLP**

 /s/ *Charles R. Gibbs*
Charles R. Gibbs (State Bar No. 07846300; S.D. Tex. No. 177)
Marty L. Brimmage, Jr. (State Bar No. 00793386; S.D. Tex. No. 30464)
1700 Pacific Avenue, Suite 4100
Dallas, TX 75201
Telephone: (214) 969-2800
Facsimile: (214) 969-4343
Email: cgibbs@akingump.com
          mbrimmage@akingump.com

-and-

Ira S. Dizengoff (admitted *pro hac vice*)
Philip C. Dublin (admitted *pro hac vice*)
Naomi Moss (admitted *pro hac vice*)
One Bryant Park
New York, NY 10036
Telephone: (212) 872-1000
Facsimile: (212) 872-1002
Email: idizengoff@akingump.com
          pdublin@akingump.com
          nmoss@akingump.com

*Proposed Counsel to the Official Committee of Unsecured Creditors of iHeartMedia, Inc., et al.*

## CERTIFICATE OF SERVICE

I hereby certify that, on April 19, 2018, I caused a true and correct copy of the foregoing to be served via email through the Court's Electronic Case Filing System on the parties that have consented to such service.

*/s/ Charles R. Gibbs*
Charles R. Gibbs

# **Exhibit A**

**Proposed Order**

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

|  |  |  |
|---|---|---|
| In re: | ) ) | Chapter 11 |
| IHEARTMEDIA, INC., *et al.*,[1] | ) ) ) | Case No. 18-31274 (MI) |
| Debtors. | ) ) ) | (Jointly Administered) |
|  | ) | **Re: Docket No. [__]** |

### ORDER CLARIFYING THE COMMITTEE'S REQUIREMENT TO PROVIDE ACCESS TO CONFIDENTIAL OR PRIVILEGED INFORMATION AND ESTABLISHING A PROTOCOL REGARDING CREDITOR REQUESTS FOR INFORMATION

Upon the motion (the "Motion")[2] of the Official Committee of Unsecured Creditors (the "Committee") of iHeartMedia, Inc., *et al.* (collectively, the "Debtors") for entry of an order (this "Order"), pursuant to sections 105(a), 107(b), and 1102(b)(3)(A) and (B) of title 11 of the United States Code (the "Bankruptcy Code") and Rule 9018 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), clarifying the requirements of the Committee to provide access to confidential or privileged information to creditors and approving a protocol regarding the same; and this Court having jurisdiction over this matter pursuant to 28 U.S.C. § 1334 and the Standing Order; and this Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and this Court having found that it may enter a final order consistent with Article III of the United States Constitution; and this Court having found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and

---

[1] Due to the large number of Debtors in these chapter 11 cases, for which joint administration has been granted, a complete list of the Debtors and the last four digits of their tax identification, registration, or like numbers is not provided herein. A complete list of such information may be obtained on the website of the Debtors' claims and noticing agent at https://cases.primeclerk.com/iheartmedia.

[2] Capitalized terms used but not otherwise defined herein have the meanings ascribed to them in the Motion.

this Court having found that the relief requested in the Motion is in the best interests of the Debtors' estates, their creditors, and other parties in interest; and this Court having found that the notice of the Motion and opportunity for a hearing on the Motion were appropriate under the circumstances and no other notice need be provided; and this Court having reviewed the Motion; and this Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and upon all of the proceedings had before this Court; and after due deliberation and sufficient cause appearing therefor, it is **HEREBY ORDERED THAT**:

1. The relief requested in the Motion is granted, effective *nunc pro tunc* to March 21, 2018.

2. The Committee shall implement the following protocol for providing access to information for creditors (the "Creditor Information Protocol") in accordance with Bankruptcy Code sections 1102(b)(3)(A) and (B):

    a. Privileged and Confidential Information: The Committee shall not be required to disseminate to any entity (all references to "entity" herein shall be as defined in Bankruptcy Code section 101(15)) (i) without further order of the Court, Confidential Information or (ii) any Privileged Information. In addition, the Committee shall not be required to provide access to information or solicit comments from any entity that has not demonstrated to the satisfaction of the Committee, in its sole discretion, or to the Court, that it holds a claim of the kind described in Bankruptcy Code section 1102(b)(3).

    b. Information Obtained Through Discovery: Any information received (formally or informally) by the Committee pursuant to Bankruptcy Rule 2004 or in connection with any formal or informal discovery in any contested matter, adversary proceeding, or other litigation shall not be governed by this Order but, rather, by such other order governing such discovery. Nothing herein shall obligate the Committee to provide any information the Committee obtains from third parties.

    c. Creditor Information Requests: If a creditor (a "Requesting Creditor") submits a written request to the Committee or its professionals (an "Information Request") for the Committee to disclose information, pursuant to Bankruptcy Code section 1102(b)(3)(A), the Committee shall, as soon as reasonably practicable, but no more than thirty (30) days after receipt of the Information Request, provide a

response to the Information Request (a "Response"), including providing access to the information requested or the reasons the Committee cannot disclose the information requested by such Information Request.  If the Response is to deny the Information Request because the Committee believes the Information Request implicates Confidential Information or Privileged Information that need not be disclosed, including, but not limited to, (i) pursuant to the terms of this Order or otherwise under Bankruptcy Code section 1102(b)(3)(A), (ii) because such disclosure is prohibited under applicable law, (iii) because such information was obtained by the Committee pursuant to an agreement to maintain it as confidential, or (iv) that the Information Request is unduly burdensome, the Requesting Creditor may, after a good faith effort to meet and confer with an authorized representative of the Committee regarding the Information Request and the Response, seek to compel such disclosure for cause pursuant to a motion.  Such motion shall be properly served, including on the Debtors and the Committee Professionals, and the hearing on such motion shall be noticed and scheduled.  Nothing herein shall be deemed to preclude the Requesting Creditor from requesting (or the Committee objecting to such request) that the Committee provide the Requesting Creditor a log or other index of any information specifically responsive to the Requesting Creditor's request that the Committee deems to be Confidential Information or Privileged Information.  Further, nothing herein shall be deemed to preclude the Requesting Creditor from requesting that the Court conduct an *in camera* review of the information subject to such Information Request.

d. <u>Release of Confidential Information of Third Parties</u>: If the Information Request implicates Confidential Debtor Information or Confidential Non-Debtor Information and the Committee agrees that such request should be satisfied, or if the Committee without a third party request wishes to disclose such Confidential Information to creditors, the Committee may request (a "Demand") for the benefit of the Debtors' creditors: (i) if the Confidential Information is Confidential Debtor Information, by submitting a written request to counsel for the Debtors, requesting that such information be disclosed and (ii) if the Confidential Information is Confidential Non-Debtor Information, by submitting a written request to such third party and its counsel of record, with a copy to the Debtors' counsel, that such information be disclosed.  If the Debtor or such other entity does not agree in writing within ten (10) days after receipt of the Demand to disclose such information, the Committee or the Requesting Creditor may file a motion seeking a ruling with respect to the Demand, and the Debtors or such other entity, as applicable, may file an objection to such motion, including on the basis that any information provided to creditors should be done so only pursuant to an order of the Court requiring that such information remain confidential.  Demands submitted to counsel to the Debtors pursuant to this clause (d) shall be submitted by email to: Anup Sathy (anup.sathy@kirkland.com), Christopher Marcus (christopher.marcus@kirkland.com) and Will Guerrieri (will.guerrieri@kirkland.com).  Nothing herein authorizes the Committee to disclose Confidential Debtor Information or Confidential Non-Debtor Information

3

    absent an agreement in writing from the Debtors (or their professional advisors) or such other party, as applicable, or further order of the Court.

   e. Nothing herein precludes the Committee (or its members and representatives) from discussing commonly-received Confidential Information (and sharing analyses or other documents generated by the Committee based on such commonly-received Confidential Information) with any other party in interest in the Debtors' chapter 11 cases and/or its advisor(s) that have signed a confidentiality agreement similar to the confidentiality agreement entered into between the Committee and the Debtors or any other party, as applicable.

3. The Committee shall not be required pursuant to Bankruptcy Code section 1102(b)(3)(A) to provide access to any Confidential Information to any creditor with a claim of the kind represented by the Committee except as provided in the Creditor Information Protocol.

4. The Committee shall not be required pursuant to Bankruptcy Code section 1102(b)(3)(A) to provide access to any Privileged Information to any creditor with a claim of the kind represented by the Committee. Nonetheless, the Committee shall be permitted, but not required, to provide access to Privileged Information or Confidential Committee Information to any party so long as (a) such Privileged Information or Confidential Committee Information does not include any Confidential Debtor Information or Confidential Non-Debtor Information and (b) any relevant privilege is held and controlled solely by the Committee.

5. Nothing in this Order shall diminish or modify the rights and obligations of the Committee or its members and representatives under the Committee by-laws or any confidentiality agreement entered into with the Debtors or any other party (including the Committee's or its member's and representative's rights to disclose Confidential Information as permitted under such confidentiality agreement), which rights and obligations shall remain in full force and effect notwithstanding any provision of this Order.

6. None of the Debtors, the Committee, or any of their respective directors, officers, employees, members, attorneys, consultants, advisors, and agents (acting in such capacity)

(collectively, the "Exculpated Parties"), shall have to incur any liability to any entity (including the Debtors and their affiliates) for any act taken or omitted to be taken pursuant to the Creditor Information Protocol set forth herein; *provided*, *however*, that the foregoing shall not affect the liability of any Exculpated Party protected pursuant to this paragraph that otherwise would result from any such act or omission to the extent that such act or omission is determined in a final non-appealable order to have constituted a breach of fiduciary duty, gross negligence, or willful misconduct, including, without limitation, fraud and criminal misconduct, or the breach of any confidentiality agreement or order. Without limiting the foregoing, the exculpation provided in this paragraph shall be coextensive with any Exculpated Party's qualified immunity under applicable law.

7. The Committee is hereby authorized to establish and maintain a website as described in the Motion.

8. The Committee is further authorized to engage Prime Clerk LLC ("Prime Clerk") in connection with such website for the benefit of creditors. Any costs, expenses, or fees charged by Prime Clerk on account of such website will be included in the invoices submitted by Prime Clerk to the Debtors pursuant to the *Order Authorizing Retention and Appointment of Prime Clerk LLC as Claims, Noticing and Solicitation Agent* [Docket No. 115] and shall be paid according to the procedures therein.

9. Nothing in this Order shall expand, restrict, affirm, or deny the right or obligation, if any, of the Committee to provide access or not provide access to any information of the Debtors to any party except as explicitly provided herein.

10. This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

Dated: _____, 2018

　　　　　　　　　　　　　　　　　　　　THE HONORABLE MARVIN ISGUR
　　　　　　　　　　　　　　　　　　　　UNITED STATES BANKRUPTCY JUDGE