**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| In re: | § § | Chapter 11 |
| IHEARTMEDIA, INC., *et al.*,[1] | § § | Case No. 18-31274 (MI) |
| Debtors. | § § § | (Jointly Administered) |

**DEBTORS' MOTION FOR ENTRY OF AN**
**ORDER AUTHORIZING THE DEBTORS TO FILE UNDER**
**SEAL THE PERFORMANCE METRICS FOR THE 2018 INCENTIVE PLANS**

> **THIS MOTION SEEKS AN ORDER THAT MAY ADVERSELY AFFECT YOU. IF YOU OPPOSE THE MOTION, YOU SHOULD IMMEDIATELY CONTACT THE MOVING PARTY TO RESOLVE THE DISPUTE. IF YOU AND THE MOVING PARTY CANNOT AGREE, YOU MUST FILE A RESPONSE AND SEND A COPY TO THE MOVING PARTY. YOU MUST FILE AND SERVE YOUR RESPONSE WITHIN 21 DAYS OF THE DATE THIS WAS SERVED ON YOU. YOUR RESPONSE MUST STATE WHY THE MOTION SHOULD NOT BE GRANTED. IF YOU DO NOT FILE A TIMELY RESPONSE, THE RELIEF MAY BE GRANTED WITHOUT FURTHER NOTICE TO YOU. IF YOU OPPOSE THE MOTION AND HAVE NOT REACHED AN AGREEMENT, YOU MUST ATTEND THE HEARING. UNLESS THE PARTIES AGREE OTHERWISE, THE COURT MAY CONSIDER EVIDENCE AT THE HEARING AND MAY DECIDE THE MOTION AT THE HEARING.**
>
> **REPRESENTED PARTIES SHOULD ACT THROUGH THEIR ATTORNEY.**
>
> **A HEARING WILL BE HELD ON THIS MATTER ON MAY 30, 2018, AT 10:00 A.M. (CT) BEFORE THE HONORABLE MARVIN ISGUR, 515 RUSK STREET, COURTROOM 404, HOUSTON, TEXAS 77002.**

The above-captioned debtors and debtors in possession (collectively, the "<u>Debtors</u>") respectfully state as follows in support of this motion (this "<u>Motion</u>").

---

[1] Due to the large number of Debtors in these chapter 11 cases, for which joint administration has been granted, a complete list of the Debtors and the last four digits of their tax identification, registration, or like numbers is not provided herein. A complete list of such information may be obtained on the website of the Debtors' claims and noticing agent at https://cases.primeclerk.com/iheartmedia. The location of Debtor iHeartMedia, Inc.'s principal place of business and the Debtors' service address is: 20880 Stone Oak Parkway, San Antonio, Texas 78258.

**Relief Requested**

1. The Debtors seek entry of an order, substantially in the form attached hereto as **Exhibit A** (the "Order"): (a) authorizing the Debtors to file under seal the Performance Metrics attached as Exhibit E to the *Debtors' Motion for Entry of an Order Authorizing and Approving the Debtors' 2018 Incentive Plans* (the "Incentive Plans Motion"),[2] filed contemporaneously herewith, and (b) directing that the Performance Metrics shall remain under seal and confidential and not be made available to anyone, without the prior written consent of the Debtors, except on a confidential basis to the (i) Court and (ii) the U.S. Trustee.

**Jurisdiction, Venue, and Procedural Background**

2. The United States Bankruptcy Court for the Southern District of Texas (the "Court") has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Order of Reference to Bankruptcy Judges (District Court General Order 2012-6)*, dated May 24, 2012 (the "Standing Order"). The Debtors confirm their consent, pursuant to rule 7008 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), to the entry of a final order by the Court in connection with this Motion to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

3. The statutory bases for the relief requested herein are sections 105(a) and 107(b) of title 11 of the United States Code (the "Bankruptcy Code"), Bankruptcy Rule 9018, and

---

[2] Capitalized terms used but not otherwise defined herein have the meanings ascribed to them in the Incentive Plans Motion.

rules 9037-1 and 9013-1 of the Bankruptcy Local Rules for the Southern District of Texas (the "Bankruptcy Local Rules").

4. On March 14, 2018 (the "Petition Date"), each Debtor filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code. The Debtors are operating their businesses and managing their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. These chapter 11 cases have been consolidated for procedural purposes only and are being jointly administered pursuant to Bankruptcy Rule 1015(b) [Docket No. 76]. On March 21, 2018, the United States Trustee for the Southern District of Texas (the "U.S. Trustee") appointed an official committee of unsecured creditors pursuant to section 1102 of the Bankruptcy Code (the "Committee") [Docket No. 244]. A detailed description surrounding the facts and circumstances of these chapter 11 cases is set forth in the *Declaration of Brian Coleman, Senior Vice President and Treasurer of iHeartMedia, Inc., in Support of Chapter 11 Petitions and First Day Motions* (the "First Day Declaration"), filed on March 15, 2017 [Docket No. 25].

## The Performance Metrics

5. Pursuant to the Incentive Plans Motion, filed contemporaneously herewith, the Debtors seek entry of an order authorizing the Debtors to implement the Incentive Plans. Payouts under the Incentive Plans are based on whether the Debtors achieve the Performance Metrics.

6. The Performance Metrics contain commercially sensitive and confidential information related to the Debtors' view of their future business prospects. Exposing these targets without the full context of the Debtors' long-range business forecast could cause the Debtors commercial injury by disclosing the Debtors' forward-looking operational, competitive, and financial information, including projected seasonality of revenue, which could give competitors a commercial advantage and give opposing parties leverage in negotiating future transactions.

3

Accordingly, the Debtors respectfully submit that the Performance Metrics should not be publicly disclosed.

## Basis for Relief

7.  Section 105(a) of the Bankruptcy Code codifies the inherent equitable powers of the bankruptcy court and empowers the bankruptcy court to "issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title."  Section 107(b) of the Bankruptcy Code provides bankruptcy courts with the power to issue orders that will protect entities from potential harm that may result from the disclosure of certain confidential information. *See In re Gen. Homes Corp.*, 181 B.R. 898, 903 (Bankr. S.D. Tex. 1995).  This section provides in relevant part that, "On request of a party in interest, the bankruptcy court shall, and on the bankruptcy court's own motion, the bankruptcy court may . . . protect an entity with respect to a trade secret or confidential research, development, or commercial information." 11 U.S.C. § 107(b)(1).

8.  Further, Bankruptcy Rule 9018 defines the procedures by which a party may move for relief under section 107(b) of the Bankruptcy Code.  Specifically, Bankruptcy Rule 9018 provides, in relevant part, that, upon motion, "the court may make any order which justice requires . . . to protect the estate or any entity in respect of a trade secret or other confidential research, development, or commercial information." Additionally, Bankruptcy Local Rule 9037-1 provides, in relevant part, that "[a] motion, reply or other document may initially be filed under seal if the filing party simultaneously files a motion requesting that the document be maintained under seal."

9.  Commercial information is information that would result in "an unfair advantage to competitors by providing them information as to the commercial operations of the debtor." *In re*

4

*Alterra Healthcare Corp.*, 353 B.R. 66, 75 (Bankr. D. Del. 2006) (citing *Video Software Dealers Ass'n v. Orion Pictures Corp. (In re Orion Pictures Corp.)*, 21 F.3d 24, 27 (2d Cir. 1994)). Commercial information need not rise to the level of a "trade secret" to be protected under section 107(b) of the Bankruptcy Code.  *Orion Pictures*, 21 F.3d at 28; *see also In re Faucett*, 438 B.R. 564, 567 (Bankr. W.D. Tex. 2010) (citing *In re Northstar Energy, Inc.*, 315 B.R. 425, 429 (Bankr. E.D. Tex. 2004) ("A bankruptcy court is *required* to seal documentary information filed in court that does not rise to the level of a trade secret but that is so critical to the operations of the entity seeking the protective order that its disclosure will unfairly benefit that entity's competitors)) (emphasis added).  Rather, the protections of section 107(b) of the Bankruptcy Code extend to commercial information that, if disclosed to the public, could be used by various parties for an unfair advantage.  *Id.* at 27–28.  Once a court determines that a party in interest is seeking to protect "commercial information," the court "is required to protect a requesting interested party and has no discretion to deny the application."  *Id.* at 27.

10.     Given that the Performance Metrics provide details about the Debtors' go-forward business prospects, the public disclosure of which at this time and outside the context of a long-range business plan could cause commercial injury by materially harming the Debtors' competitiveness, the Debtors respectfully submit that such confidential information is of the type that is protected by section 107(b) of the Bankruptcy Code and should remain under seal until such time as the Debtors agree to file such information on the docket.

## Notice

11.     Notice of the hearing on the relief requested in the Motion has been provided by the Debtors in accordance and compliance with Bankruptcy Rules 4001 and 9014, as well as the Bankruptcy Local Rules, and is sufficient under the circumstances.  Without limiting the forgoing,

due notice was afforded, whether by facsimile, electronic mail, overnight courier or hand delivery, to parties in interest, including: (a) the U.S. Trustee; (b) counsel to the Committee; (c) the agent for the Debtors' receivables based credit facility; (d) the agent for the Debtors' term loan credit facility; (e) the indenture trustees for the Debtors' priority guarantee notes, 14.0% senior notes due 2021, 6.875% senior notes due 2018, and 7.25% senior notes due 2027; (f) counsel to an ad hoc group of lenders under the Debtors' term loan credit facility and priority guarantee noteholders; (g) counsel to an ad hoc group of lenders under the Debtors' term loan credit facility; (h) counsel to an ad hoc group of holders of 6.875% senior notes due 2018 and 7.25% senior notes due 2027; (i) counsel to an ad hoc group of holders of 14.0% senior notes due 2021; (j) the Office of the United States Attorney for the Southern District of Texas; (k) the state attorneys general for states in which the Debtors conduct business; (l) the Internal Revenue Service; (m) the Securities and Exchange Commission; and (n) any party that has requested notice pursuant to Bankruptcy Rule 2002. The Debtors submit that, in light of the nature of the relief requested, no other or further notice need be given.

## **No Prior Request**

12.     No prior request for the relief sought in this Motion has been made to this or any other court.

WHEREFORE, the Debtors respectfully request that the Court enter the Order, substantially in the form attached hereto as **Exhibit A**, granting the relief requested in this Motion and granting such other relief as is appropriate under the circumstances.

Houston, Texas
May 8, 2018

/s/ *Patricia B. Tomasco*

| | |
|---|---|
| Patricia B. Tomasco (TX Bar No. 01797600) | James H.M. Sprayregen, P.C. |
| Matthew D. Cavenaugh (TX Bar No. 24062656) | Anup Sathy, P.C. (admitted *pro hac vice*) |
| Jennifer F. Wertz (TX Bar No. 24072822) | William A. Guerrieri (admitted *pro hac vice*) |
| **JACKSON WALKER L.L.P.** | **KIRKLAND & ELLIS LLP** |
| 1401 McKinney Street, Suite 1900 | **KIRKLAND & ELLIS INTERNATIONAL LLP** |
| Houston, Texas 77010 | 300 North LaSalle Street |
| Telephone: (713) 752-4200 | Chicago, Illinois 60654 |
| Facsimile: (713) 752-4221 | Telephone: (312) 862-2000 |
| Email: ptomasco@jw.com | Facsimile: (312) 862-2200 |
| mcavenaugh@jw.com | Email: james.sprayregen@kirkland.com |
| jwertz@jw.com | anup.sathy@kirkland.com |
| | will.guerrieri@kirkland.com |

*Co-Counsel to the Debtors*
*and Debtors in Possession*

-and-

Christopher J. Marcus, P.C. (admitted *pro hac vice*)
**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
601 Lexington Avenue
New York, New York 10022
Telephone:  (212) 446-4800
Facsimile:   (212) 446-4900
Email:        christopher.marcus@kirkland.com

*Co-Counsel to the Debtors*
*and Debtors in Possession*

**<u>Certificate of Service</u>**

I certify that on May 8, 2018, I caused a copy of the foregoing document to be served by the Electronic Case Filing System for the United States Bankruptcy Court for the Southern District of Texas.

*/s/ Patricia B. Tomasco*
Patricia B. Tomasco