# EXHIBIT A

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

|  |  |
|---|---|
| In re | Chapter 11 |
| IHEARTMEDIA, INC., *et al.*,[1] | Case No. 18-31274 (MI) |
| Debtors. | (Jointly Administered) |

### THE TERM LOAN/PGN GROUP'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS TO LIONTREE ADVISORS, LLC

**PLEASE TAKE NOTICE** that, pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure and Rules 7026 and 7034 of the Federal Rules of Bankruptcy Procedure, the Term Loan/PGN Group[2] requests that LionTree Advisors, LLC produce documents responsive to the documents requests set forth on **Exhibit A** attached hereto (the "Document Requests") by delivering all such responsive documents to Tyler M. Simpson, Loewinsohn Flegle Deary Simon LLP, 12377 Merit Drive, Suite 900, Dallas, Texas 75251, counsel for the Term Loan/PGN Group, beginning on May 11, 2018, and continuing on a rolling basis to be concluded no later than May 14, 2018 at 11:59 a.m. CST.

---

[1] Due to the large number of Debtors in these chapter 11 cases, for which joint administration has been granted, a complete list of the Debtors and the last four digits of their tax identification, registration, or like numbers is not provided. A complete list of such information may be obtained on the website www.primeclerk.com/iheartmedia. The location of Debtor iHeart Media, Inc.'s principal place of business and the Debtor's service address is: 20880 Stone Oak Parkway, San Antonio, Texas 78258.

[2] The Term Loan/PGN Group consists of certain beneficial holders or investment advisors or managers for certain beneficial holders of (a) term loans under that certain Credit Agreement dated May 13, 2008, as amended and restated among iHeartCommunications, Inc. (the "Company"), Citibank, N.A. as Administrative Agent, Swing Line Lender and L/C Issuer, and certain lenders that made term loans thereunder (the "Term Loans") and (b) Priority Guarantee Notes issued by the Company (the "PGNs") as identified in the Verified Statement of Loewinsohn Flegle Deary Simon LLP Pursuant to Bankruptcy Rule 2019 to be filed.

1

Dated: May 10, 2018

*/s/ Tyler M. Simpson*
Craig F. Simon
craigs@LFDSlaw.com
Texas State Bar No. 00784968
Daniel P. Winikka
danw@LFDSlaw.com
Texas State Bar No. 00794873
Tyler M. Simpson
tylers@LFDSlaw.com
Texas State Bar No. 24066091
**LOEWINSOHN FLEGLE DEARY SIMON LLP**
12377 Merit Drive, Suite 900
Dallas, Texas 75251
214-572-1700 Telephone
214-572-1717 Facsimile

CONFLICTS COUNSEL FOR THE
TERM LOAN/PGN GROUP

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on this 10th day of May, 2018, a true and correct copy of the foregoing was served via electronic mail on the following parties:

**Jackson Walker L.L.P.**
1401 McKinney Street, Suite 1900
Houston, Texas 77010
Attn: Patricia Tomasco, Matthew Cavenaugh, Jennifer Wertz
Email: ptomasco@jw.com, mcavenaugh@jw.com, jwertz@jw.com

**Kirkland & Ellis LLP**
**Kirkland & Ellis International LLP**
300 North LaSalle Street
Chicago, Illinois 60654
Attn: Anup Sathy, Brian Wolfe, William Guerrieri, Stephen Hackney, Richard Howell, Benjamin Rhode, William E. Arnault,
Email: anup.sathy@kirkland.com, brian.wolfe@kirkland.com, will.guerrieri@kirkland.com, stephen.hackney@kirkland.com, richard.howell@kirkland.com, benjamin.rhode@kirkland.com, william.arnault@kirkland.com

**Jackson Walker**
2323 Ross Ave., Suite 600
Dallas, TX 75201
Attn: Vienna Flores Anaya, Michael Scott Held
Email: vanaya@jw.com, mheld@jw.com

**Jackson Walker**
100 Congress Ave, Suite 1100
Austin, TX 78701
Attn: Jennifer Wertz
Email: jwertz@jw.com

*Proposed Attorneys for Debtors and Debtors in Possession*

**Kirkland & Ellis LLP**
**Kirkland & Ellis International LLP**
601 Lexington Avenue
New York, New York 10022
Attn: Christopher Marcus, AnnElyse Gibbons
Email: christopher.marcus@kirkland.com, annelyse.gibbons@kirkland.com

**Munger Tolles & Olsen**
350 South Grand Ave., 50th Floor
Los Angeles, CA 90071
Attn: Kevin Allred, Seth Goldman, John Spiegel, Thomas Walper
Email: kevin.allred@mto.com, seth.goldman@mto.com, john.spiegel@mto.com, thomas.walper@mto.com

*Proposed Attorneys for Debtors and Debtors in Possession*

**Office of U.S. Trustee**
515 Rusk, Suite 3516
Houston, TX 77002
Attn: Hector Duran, Stephen Douglas Statham
Email: Hector.Duran.Jr@usdoj.gov, Stephen.statham@usdoj.gov

*Counsel for the U.S. Trustee*

**Latham & Watkins LLP**
330 North Wabash Avenue, Suite 2800
Chicago, IL 60611
Attn: Heather Ann Waller
Email: heather.waller@lw.com

*Counsel for Moelis & Company LLC*

3

**Fried, Frank, Harris, Shriver & Jacobson LLP**
One New York Plaza
New York, NY 10004
Attn: Brad Scheler, Peter Siroka
Email: brad.scheler@friedfrank.com,
peter.siroka@friedfrank.com

*Counsel for LionTree Advisors, LLC*

                                                  */s/ Tyler M. Simpson*
                                                Tyler M. Simpson

**EXHIBIT A**
**INSTRUCTIONS**

1. The Documents covered by the Document Requests include all documents in Your possession, custody or control from January 1, 2015 through the present, unless otherwise indicated.

2. If, in responding to the Document Requests, You believe there are ambiguities in a request or definition, the response shall set forth the matter deemed ambiguous and the construction used in responding.

3. Each request for the production of Documents shall be deemed to be continuing in nature. If at any time additional Documents come into Your possession, custody or control or are brought to Your attention, prompt supplementation of Your response to these requests is required.

4. You shall produce all Documents in the manner in which they are maintained in the ordinary course of Your business and/or You shall organize and label the Documents to correspond with the categories in this request. A request for a Document shall be deemed to include a request for any and all file folders within which the Document was contained, transmittal sheets, cover letters, exhibits, enclosures or attachments to the document in addition to the document itself.

5. Any Document withheld from production based on privilege or any similar claim shall be identified by (1) the type of document, (2) the general subject matter of the Document, (3) the date of the Document, and (4) such other information as is sufficient to identify the Document, including the author of the Document, the addressee of the Document, other recipients of the Document and, where not apparent, the relationship of the author and the addressee to each other. The nature of each claim of privilege shall be set forth.

6. Documents attached to each other should not be separated.

7. If any Document within the scope of this request has been destroyed, that Document shall be identified including identification of (i) its author(s); (ii) intended or unintended

5

recipient(s); (iii) addressee(s); (iv) intended or unintended recipients of blind copies; (v) date; and (vi) subject matter. The circumstances of such destruction shall be set forth, and any Documents relating to such destruction shall be produced.

8. In producing Documents and other materials, You are requested to furnish all Documents or things in Your possession, custody or control, regardless of whether such documents or materials are possessed by You directly.

9. If You object to any part of any request, You shall state fully the nature of the objection. Notwithstanding any objections, You shall nonetheless comply fully with the other parts of the request not objected to.

10. The Committee reserves the right to request additional Documents as needed and to submit additional or supplemental document requests, provided, further, that it expressly reserves its rights to supplement or amend the Document Requests.

## DEFINITIONS

1. "*And*," "*or*," and "*and/or*," as used herein, shall be construed either conjunctively or disjunctively, as required by the context, to bring within the scope of these requests any information that might be deemed outside their scope by any other construction.

2. "*Any*" or "*each*" should be understood to include and encompass one or more, or all.

3. "*Application*" shall mean *Debtors' Emergency Application for Entry of an Order (I) Authorizing the Employment and Retention of LionTree Advisors LLC as Special Financial Advisor with Respect to Potential Equity Investments for the Debtors and Debtors in Possession Effective Nunc Pro Tunc to the Petition Date; and (B) Granting Related Relief* and the exhibits attached thereto [ECF No. 569].

4. "*Bankruptcy Cases*" shall mean the jointly administered cases captioned *In re iHeartMedia, Inc. et al.*, Case No. 18-31274 (MI) pending in the United States Bankruptcy Court for

the Southern District of Texas.

5. "*Bankruptcy Code*" shall mean title 11 of the United States Code, 11 U.S.C. §§ 101 *et seq*.

6. "*Communication*" shall mean any utterance, notation, or statement of any nature whatsoever, by and to whomsoever made, including, but not limited to, correspondence, conversations, dialogues, discussions, interviews, consultations, agreements, and other understandings between or among two or more persons, whether made orally, by document, made face-to-face, or made by telephone, mail, email, personal delivery, or otherwise.

7. "*Debtors*" shall mean iHeartMedia, Inc., AMFM Broadcasting Licenses LLC, AMFM Broadcasting, Inc., AMFM Operating, Inc., AMFM Radio Licenses, LLC, AMFM Texas Broadcasting, LP, AMFM Texas Licenses, LLC, AMFM Texas LLC, Capstar Radio Operating Company, Capstar TX, LLC, CC Broadcast Holdings, Inc., CC Finco Holdings, LLC, CC Licenses, LLC, Christal Radio Sales, Inc., Cine Guarantors II, Inc., Citicasters Co., Citicasters Licenses, Inc., Clear Channel Broadcasting Licenses, Inc., Clear Channel Holdings, Inc., Clear Channel Investments, Inc., Clear Channel Metro, Inc., Clear Channel Mexico Holdings, Inc., Clear Channel Real Estate, LLC, Critical Mass Media, Inc., iHeartCommunications, Inc., iHeartMedia + Entertainment, Inc., iHeartMedia Capital I, LLC, iHeartMedia Capital II, LLC, iHeartMedia Management Services, Inc., iHM Identity, Inc., Katz Communications, Inc., Katz Media Group, Inc., Katz Millennium Sales & Marketing, Inc., Katz Net Radio Sales, Inc., M Street Corporation, Premier Networks, Inc., Terrestrial RF Licensing, Inc., TTWN Media Networks, LLC, and TTWN Networks, LLC, including any predecessors-in-interest, successors-in-interest, and any representatives, employees, agents, accountants, or any other persons or entities acting on its behalf or in concert with any of the Debtors.

8. "*Document*" shall mean any medium upon which intelligence or information can be

7

recorded or retrieved, and includes, without limitation, the original and each non-identical copy, regardless of origin and location, of any book, pamphlet, periodical, letter, memorandum (including any memorandum or report of a meeting or conversation), invoice, bill, order form, receipt, financial statement, accounting entry, diary, calendar, email, telex, telegram, cable, report, record, contract, agreement, study, notes, draft, working paper, chart, paper, print, laboratory record, drawing sketch, graph, index, list, tape, photograph, microfilm, data sheet or data processing card, or any other written, recorded, transcribed, punched, taped, filmed, or graphic matter, however produced or reproduced, which is in your possession, custody, or control or which was, but is no longer, in your possession, custody, or control, and is used in the broadest possible sense permissible under Rule 34 of the Federal Rules of Civil Procedure, which is made applicable to this matter by Rule 7034 of the Federal Rules of Bankruptcy Procedure. To the extent documents are in electronic form, they are requested in the form in which they were originally generated and kept.

9. "*Engagement Letter*" shall mean that certain engagement letter dated May 1, 2018 and attached to the Application as Exhibit B.

10. "*Fee Structure*" shall have the meaning set forth in the Application.

11. "*Including*," as used herein, shall mean "including, without limitation."

12. "*Liberty*" shall mean Liberty Media Corporation and any of its affiliates.

13. "*Liberty Proposal*" shall have the meaning set forth in the Application.

14. "*Moelis*" shall mean Moelis & Company LLC.

15. "*Relating to*," or "*Concerning*," shall mean reflecting, containing, pertaining, indicating, showing, concerning, constituting, comprising, evidencing, recording, memorializing, describing, evaluating, considering, reviewing, reporting, demonstrating, discussing or mentioning.

16. "*You,*" "*Your*," or "*LionTree*" shall mean LionTree Advisors, LLC, including any predecessors-in-interest, successors-in-interest, and any representatives, employees, agents,

accountants, or any other persons or entities acting on its behalf.

17. The plural includes the singular and the singular includes the plural.

18. The use of the present tense includes the past tense, the use of the past tense shall include the present tense, and the use of any verb in any tense shall be construed as including the use of that verb in all other tenses.

19. Words and phrases not defined shall have their ordinary and plain meaning within the context of the Federal Rules of Civil Procedure and in accordance with the generally accepted meaning accorded such words and phrases in everyday use in the English language.

### DOCUMENT REQUESTS

1. All Documents and Communications reflecting any compensation, fees, or other consideration provided to LionTree by any of the Debtors at any time.

2. All Documents and Communications reflecting any compensation, fees, or other consideration provided to LionTree by any debtor entity in any bankruptcy proceeding since January 1, 2013.

3. All Documents and Communications relating to the work to be performed or services to be provided by LionTree to the Debtors, including but not limited to any proposals, presentations, or analyses provided to or received by the Debtors in conjunction with the negotiation of the Engagement Letter or any other retention letter between the Debtors and LionTree.

4. All Documents and Communications relating to any marketing efforts or any other services previously or currently provided by or planned to be provided by LionTree relating to any potential Equity Transactions, as defined in the Application.

5. All Documents and Communications relating to or concerning LionTree's or any of its affiliates' prior or current business relationships between with Liberty, including but not limited

9

to any engagement letters between LionTree or any of its affiliates and Liberty.

6. All Documents and Communications between any of the Debtors and LionTree relating to or concerning the Liberty Proposal.

7. All Documents and Communications reflecting any compensation, fees, or other consideration to be paid to LionTree for its work in connection with the Bankruptcy Cases or any related proceedings, including but not limited to any proposals, presentations, or analyses provided to or received by the Debtors in conjunction with the negotiation of LionTree's retention.

8. All Documents and Communications LionTreet considered or relied on in assessing the Fee Structure and the terms of the Engagement Letter, including without limitation all Documents and Information LionTreet considered or relied on in determining that the Fee Structure and the terms of the Engagement Letter are fair, reasonable, and/or conform to market standards for such fees.

9. All Documents and Communications reflecting any analysis performed regarding the Fee Structure, including but not limited to any comparable engagement fees reviewed.

10. All Documents and Communications relating to any discussion or negotiation of the Fee Structure or the Engagement Letter.

11. All Documents and Communications reflecting negotiations, proposals, or discussions with any investment bank, financial advisor, or any other provider of financial services relating to the Bankruptcy Cases, including but not limited to Moelis.

12. All engagement letters and drafts thereof between LionTree and any of the Debtors, including but not limited to the Engagement Letter and the prepetition engagement letter referred to in paragraph 10 of the Application.

13. All drafts of the Application.

14. All drafts of any declarations in support of the Application.