

ENTERED
05/30/2018

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

| | § | |
|---|---|---|
| In re: | § | Chapter 11 |
| | § | |
| IHEARTMEDIA, INC., *et al.*,[1] | § | Case No. 18-31274 (MI) |
| | § | |
| Debtors. | § | (Jointly Administered) |
| | § | |
| | § | **Re:  Docket Nos. 14, 102, 408** |

### AGREED ORDER AND STIPULATION RESOLVING THE UNITED STATES TRUSTEE'S OBJECTION TO THE DEBTORS' CASH MANAGEMENT MOTION

The above-captioned debtors and debtors in possession (collectively, the "Debtors") file this stipulation and agreed order (this "Agreed Order") upon the agreement of the Debtors and the United States Trustee for the Southern District of Texas (the "U.S. Trustee," and collectively with the Debtors, the "Parties") and stipulate as set forth below.

**WHEREAS**, on March 14, 2018 (the "Petition Date"), each of the Debtors filed a voluntary petition with the United States Bankruptcy Court for the Southern District of Texas (the "Court") for relief under title 11 of the United States Code (the "Bankruptcy Code");

**WHEREAS**, the Debtors continue to operate their business and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code;

**WHEREAS**, the Debtors' chapter 11 cases have been consolidated for procedural purposes only and are being jointly administered pursuant to rule 1015(b) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules");

---

[1] Due to the large number of Debtors in these chapter 11 cases, for which joint administration has been granted, a complete list of the Debtors and the last four digits of their tax identification, registration, or like numbers is not provided herein.  A complete list of such information may be obtained on the website of the Debtors' claims and noticing agent at https://cases.primeclerk.com/iheartmedia.  The location of Debtor iHeartMedia, Inc.'s principal place of business and the Debtors' service address is: 20880 Stone Oak Parkway, San Antonio, Texas 78258.

**WHEREAS**, the Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334, this matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2), and venue is permissible pursuant to 28 U.S.C. §§ 1408 and 1409;

**WHEREAS**, on March 15, 2018, the Debtors filed the *Debtors' Emergency Motion for Entry of Interim and Final Orders (I) Authorizing the Debtors to (A) Continue to Operate Their Cash Management System and Maintain Existing Bank Accounts and (B) Continue to Perform Intercompany Transactions and (II) Granting Related Relief* [Docket No. 14] (the "Cash Management Motion");[2]

**WHEREAS**, on March 15, 2018, the Court entered the *Interim Order (I) Authorizing the Debtors to (A) Continue to Operate Their Cash Management System and Maintain Existing Bank Accounts and (B) Continue to Perform Intercompany Transactions and (II) Granting Related Relief* [Docket No. 102];

**WHEREAS**, on April 9, 2018, the U.S. Trustee filed its *Objection of United States Trustee Regarding Debtors' Emergency Motion for Entry of Interim and Final Orders (I) Authorizing the Debtors to (A) Continue to Operate Their Cash Management System and Maintain Existing Bank Accounts and (B) Continue to Perform Intercompany Transactions and (II) Granting Related Relief* [Docket No. 408] (the "Objection") objecting to, among other things, the Debtors' continued use of the Postpetition Investment Accounts; and

**WHEREAS**, the Parties have agreed to a resolution of the Objection as set forth in this Agreed Order.

**NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED** by and between the Parties to this Agreed Order that:

---

[2] Capitalized terms used herein but not otherwise defined shall have the meanings ascribed to them in the Cash Management Motion.

2

1.     This Agreed Order shall become effective upon execution by or on behalf of each of the Parties, subject to approval by the Court.

2.     In resolution of the Objection, the Debtors agree to, as soon as reasonably practicable after the entry of this Agreed Order, deposit all funds that would have been invested pursuant to the Investment Policy in the Postpetition Investment Accounts into a bank account that is compliant with section 345(b) of the Bankruptcy Code.

3.     The Objection is hereby deemed withdrawn.

4.     This Agreed Order contains the entire agreement by and between the Parties with respect to the subject matter hereof, and all prior understandings or agreements, whether written or oral, if any, are merged into this Agreed Order.

5.     This Agreed Order shall not be modified, altered, amended, or vacated without the prior written consent of the Parties.  Any such modification, alteration, amendment, or vacation, in whole or in part, shall be subject to the approval of the Bankruptcy Court.

6.     The Parties are authorized to take all actions necessary to effectuate the relief granted pursuant to this Agreed Order.

7.     Neither this Agreed Order, nor any actions taken pursuant hereto, shall constitute evidence admissible against the parties in any action or proceeding other than one to enforce the terms of this Agreed Order.

8.     Notwithstanding the effectiveness of this Agreed Order that is imposed by the Bankruptcy Rules, the terms and conditions of this Agreed Order shall become immediately effective and enforceable upon its entry.

9.     The Court retains jurisdiction with respect to all matters arising from or related to the implementation of this Agreed Order, and the Parties hereby consent to such jurisdiction to resolve any disputes or controversies arising from or related to this Agreed Order.  Any motion

or application brought before this Court to resolve a dispute arising from or related to this Agreed Order shall be brought on notice as provided by and in accordance with the Bankruptcy Rules and the Bankruptcy Local Rules for the United States Bankruptcy Court for the Southern District of Texas.

Dated: 5-30, 2018
Houston, Texas

_____
MARVIN ISGUR
UNITED STATES BANKRUPTCY JUDGE

Dated: May 29, 2018
Houston, Texas

| | |
|---|---|
| /s/ Patricia B. Tomasco | /s/ Hector Duran |
| Patricia B. Tomasco (TX Bar No. 01797600) | Hector Duran (TX Bar No. 00783996) |
| Matthew D. Cavenaugh (TX Bar No. 24062656) | Trial Attorney |
| Jennifer F. Wertz (TX Bar No. 24072822) | 515 Rusk Street, Suite 3516 |
| **JACKSON WALKER L.L.P.** | Houston, Texas 77002 |
| 1401 McKinney Street, Suite 1900 | Telephone:   (713) 718-4650 x 241 |
| Houston, Texas 77010 | Facsimile:    (713) 718-4670 |
| Telephone:   (713) 752-4200 | Email:           hector.duran.jr@usdoj.gov |
| Facsimile:    (713) 752-4221 | |
| Email:           ptomasco@jw.com | *Counsel to the United States Trustee for the* |
|                       mcavenaugh@jw.com | *Southern District of Texas* |
|                       jwertz@jw.com | |

-and-

James H.M. Sprayregen, P.C.
Anup Sathy, P.C. (admitted *pro hac vice*)
Brian D. Wolfe (admitted *pro hac vice*)
William A. Guerrieri (admitted *pro hac vice*)
**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
300 North LaSalle Street
Chicago, Illinois 60654
Telephone:   (312) 862-2000
Facsimile:    (312) 862-2200
Email:           james.sprayregen@kirkland.com
                      anup.sathy@kirkland.com
                      brian.wolfe@kirkland.com
                      will.guerrieri@kirkland.com

-and-

Christopher J. Marcus, P.C. (admitted *pro hac vice*)
**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
601 Lexington Avenue
New York, New York 10022
Telephone:   (212) 446-4800
Facsimile:    (212) 446-4900
Email:           christopher.marcus@kirkland.com

*Co-Counsel to the Debtors and Debtors in Possession*