## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE: | § | Case No. 18-31274 (MI) |
| | § | |
| IHEARTMEDIA, et al.,[1] | § | (Chapter 11) |
| | § | |
| Debtors. | § | (Jointly Administered) |
| | § | |

### OBJECTION OF JAMES B. MARTIN TO CONFIRMATION OF PLAN OF REORGANIZATION IN THE ABSENCE OF AN ESTIMATION OF HIS CLAIM PURSUANT TO 11 U.S.C. § 502 (c)(1)

Creditor James B. Martin ("Martin") by and through his attorneys, Sprague & Sprague, files the within Objection to the Confirmation of the Plan of Reorganization and requests that this Honorable Court reject the Plan of Reorganization until such time as, pursuant to 11 U.S.C.§ 502(c)(1), a fair estimation of Martin's claim against iHeartMedia, Inc. et al can be determined. In support hereof, Martin states as follows:

1. On March 14, 2018 debtors iHeartMedia, Inc. et al filed a voluntary petition under Chapter 11 of the United States Bankruptcy Code.

2. Three years prior to the bankruptcy filing of debtors herein, on February 6, 2015, creditor James B. Martin, the District Attorney of Lehigh County, Pennsylvania, initiated a civil action for defamation and invasion of privacy against iHeart Communications, Inc.f/k/a Clear Channel Communications, Inc., Capstar TX LLC, iHeartMedia, Inc. f/k/a CC

---

[1] Due to the large number of Debtors in these chapter 11 cases, for which joint administration has been granted, a complete list of the Debtors and the last four digits of their tax identification, registration, or like numbers is not provided herein. A complete list of such information may be obtained on the website of the Debtors' claims, noticing, and solicitation agent at https://cases.primclerk.com/iheartmedia. The location of Debtor iHeartMedia, Inc.'s principal place of business and the Debtors' service address is: 20880 Stone Oak Parkway, San Antonio, Texas 78258.

Media Holdings, Inc. and others in the Court of Common Pleas of Lehigh County. (See Complaint attached hereto as Exhibit "A").

3. Under the Pennsylvania pleading rules of procedure, the Complaint asserted compensatory damages "in excess of the compulsory arbitration limits," as well as punitive damages in an amount sufficient to punish defendant and deter similar acts in the future. It is improper under Pennsylvania rules of pleading to specify a specific dollar amount in a tort claim, such as the underlying case. Since the compulsory arbitration limit in the Court of Common Pleas of Lehigh County, Pennsylvania is $50,000.00, that is the minimum amount set forth in the original Proof of Claims filed, although the reputational and other compensatory and punitive damages far exceed that amount (See *ad damnun* clauses of Complaint).

4. The gravamen of Martin's Complaint is that the radio station WAEB AM 790 ("WAEB") owned and operated by the debtors herein, regularly from February 20, 2014 through August 4, 2014 published, on the air to thousands of radio listeners within its broadcast range, false, malicious and defamatory statements directed at Martin which statements were made with actual malice knowing that the statements were false or with reckless disregard for their truth or falsity.

5. As set forth in detail in the Complaint, the defamatory statements included accusing Martin of "fixing" homicide cases in his role as the District Attorney; of "concealing evidence;" of "lying" to grieving families; of being "crooked;" of fostering a "culture of corruption" in the Office of District Attorney; and of "collusion" to conceal the truth about criminal investigations. (Complaint ¶¶ 24-25, 34-38).

6. Pre-trial discovery was underway in the state court action through depositions, interrogatories, and document requests and the case was proceeding towards completion of discovery and trial as of the date the defendants therein (debtors herein) filed for Chapter 11 Bankruptcy.

7. As a result, on March 23, 2018 defendants IHeartMedia, Inc, et al. (debtors herein) filed a Suggestion of Bankruptcy and Automatic Stay of Proceedings in the ongoing state court action and Martin's state court action has been stayed in accordance with Section 362(a) of the Bankruptcy Code.

8. Proofs of claim were filed on behalf of Martin on June 26, 2018 (Claim # #2386, #2384, #2385, and #2387) and Amended Proofs of Claim were filed on behalf of Martin on September 6, 2018. (Claim #3840, #3841, #3842, and #3868). The Amended Proofs of Claim appended the state court Complaint to each Claim. The proofs of claim filed on June 26, 2018 and September 6, 2018 set forth the claim amount as "in excess of $50,000.00" in accordance with the *ad damnun* clause of the Complaint and the compulsory arbitration limits in the Court of Common Pleas of Lehigh County, Pennsylvania.

9. Despite the clear language that the claim was "in excess of $50,000.00," the Prime Clerk set forth the amount of the claim as only $50,000.00, which was in error.

10. By Order dated November 19, 2018, this Court sustained Debtors' Eighteenth Omnibus Objection to Certain Proofs of Claim (including Martin's originally filed Proofs of Claim # 2384, #2385, #2386, and #2387), but allowed the Amended Proofs of Claim #3840, #3841, #3842 and #3868 as superseding claims.

11. However, prior to the entry of the November 19, 2018 Order, second amended proofs of claims (#3940, #3941, #3942, and #3943) were filed on November 14, 2018 in which the Claim Value was stated as $5,000,000.00 in order to correct the erroneous reduction of the claim value to $50,000.00 by Prime Clerk. (Prime Clerk Claim Docket Sheet attached as Exhibit B).

12. The claim value of $5,000,000.00 accurately reflects the value of the unliquidated compensatory and punitive damages claimed in the underlying defamation and false light case in which the alleged conduct of the defendants therein (debtors herein) was pervasive and outrageous.

13. In order to preserve Martin's rights to be fairly compensated for the damages he sustained as a result of the willful and malicious defamatory conduct of the debtors herein, and to receive an equitable distribution of the assets of the Debtor's Estate, a fair adjudication and estimation of his claim is required.

14. In the absence of a fair estimation of the full value of Martin's claims of both punitive and compensatory damages, Martin files this Objection to the Confirmation of the Plan of Reorganization.

15. Pursuant to 11 U.S.C. § 502(c)(1), Martin requests a fair estimation of the value of his claims in order that his claim allowance under the plan can be determined with certainty and that the Plan of Reorganization meaningfully discloses Martin's fair share of the distributed assets of the Estate.

WHEREFORE, creditor James B. Martin respectfully requests that this Honorable Court reject the Plan of Reorganization until such time as, pursuant to 11 U.S.C.§ 502(c)(1), a fair estimation of Martin's claim against iHeartMedia, Inc. et al can be determined.

Dated: December 10, 2018               Respectfully submitted,

                                             /s/David C. Federman
                                             David C. Federman
                                             Federal ID No. 26902
                                             Sprague & Sprague
                                             The Wellington Bldg.
                                             135 South 19th Street, Suite 400
                                             Philadelphia, PA  19103
                                             (Tel)  215-561-7681
                                             (Fax) 215-561-6913
                                             Email:  dfederman@spragueandsprague.com

                                             Attorney for Creditor James B. Martin
                                             (Admitted Pro Hac Vice)

## CERTIFICATION OF SERVICE

The undersigned hereby certifies that on December 10, 2018, a true and correct copy of the foregoing Objection of James B. Martin to Confirmation of Plan of Reorganization in the Absence of an Estimation of His Claim Pursuant to 11 U.S.C. § 502 (c)(1) was served by electronic submission through this Court's Case Management/Electronic Case Filing System to all parties authorized to receive notice in this proceeding.

/s/David C. Federman
David C. Federman