**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| | § | |
| In re: | § | Chapter 11 |
| | § | |
| IHEARTMEDIA, INC., *et al.*,[1] | § | Case No. 18-31274 (MI) |
| | § | |
| Debtors. | § | (Jointly Administered) |
| | § | |

## NOTICE OF FILING OF LEGACY NOTES SETTLEMENT TERM SHEET

**PLEASE TAKE NOTICE THAT** the Debtors have reached an agreement in principle with Wilmington Savings Fund Society, FSB (the "Legacy Notes Trustee") regarding a settlement and related proposed modifications to the *Modified Fifth Amended Joint Chapter 11 Plan of Reorganization of iHeartMedia, Inc. and Its Debtor Affiliates Pursuant to Chapter 11 of the Bankruptcy Code* [Docket No. 2207] (as such plan may be amended, supplemented or otherwise modified from time to time in accordance with the terms thereof, the "Plan") and the restructuring term sheet annexed to that certain Restructuring Support Agreement, dated as of March 16, 2018 (as amended, supplemented or otherwise modified from time to time in accordance with the terms thereof, the "RSA").

**PLEASE TAKE FURTHER NOTICE THAT** attached hereto as **Exhibit A** is the term sheet summarizing the agreement in principle (the "Legacy Notes Settlement Term Sheet").

**PLEASE TAKE FURTHER NOTICE THAT** the Debtors intend to promptly file an amended version of the Plan incorporating the terms of the Legacy Notes Settlement Term Sheet.

---

[1]   Due to the large number of Debtors in these Chapter 11 Cases, for which joint administration has been granted, a complete list of the Debtors and the last four digits of their tax identification, registration, or like numbers is not provided herein.  A complete list of such information may be obtained on the website of the Debtors' Claims, Noticing, and Solicitation Agent at https://cases.primeclerk.com/iheartmedia.   The location of Debtor iHeartMedia, Inc.'s principal place of business and the Debtors' service address is:  20880 Stone Oak Parkway, San Antonio, Texas 78258.

**PLEASE TAKE FURTHER NOTICE THAT** if you would like to obtain copies of the Legacy Notes Settlement Term Sheet, you should contact Prime Clerk LLC, the claims, noticing, and solicitation agent retained by the Debtors in the Chapter 11 Cases (the "Claims, Noticing, and Solicitation Agent"), by:   (a) visiting the Debtors' restructuring website at: https://cases.primeclerk.com/iheartmedia;   (b) emailing   iheartmediaballots@primeclerk.com; and/or (c) calling the Debtors' restructuring hotline at:

U.S. Toll Free: 877-756-7779
International: 347-505-7142

You may also obtain copies of any pleadings filed in the Chapter 11 Cases for a fee via PACER at: http://www.txs.uscourts.gov.

[*Remainder of Page Intentionally Left Blank*]

Houston, Texas
January 17, 2019

/s/ Patricia B. Tomasco

<table>
<tr><td>

Patricia B. Tomasco (TX Bar No. 01797600)
Elizabeth C. Freeman  (TX Bar No. 24009222)
Matthew D. Cavenaugh (TX Bar No. 24062656)
**JACKSON WALKER L.L.P.**
1401 McKinney Street, Suite 1900
Houston, Texas 77010
Telephone:      (713) 752-4200
Facsimile:      (713) 752-4221
Email:          ptomasco@jw.com
                efreeman@jw.com
                mcavenaugh@jw.com


*Co-Counsel to the Debtors*
*and Debtors in Possession*

</td><td>

James H.M. Sprayregen, P.C.
Anup Sathy, P.C. (admitted *pro hac vice*)
Brian D. Wolfe (admitted *pro hac vice*)
William A. Guerrieri (admitted *pro hac vice*)
Benjamin M. Rhode (admitted *pro hac vice*)
**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
300 North LaSalle Street
Chicago, Illinois 60654
Telephone:      (312) 862-2000
Facsimile:      (312) 862-2200
Email:          james.sprayregen@kirkland.com
                anup.sathy@kirkland.com
                brian.wolfe@kirkland.com
                will.guerrieri@kirkland.com
                benjamin.rhode@kirkland.com

-and-

Christopher Marcus, P.C. (admitted *pro hac vice*)
**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
601 Lexington Avenue
New York, New York 10022
Telephone:      (212) 446-4800
Facsimile:      (212) 446-4900
Email:          christopher.marcus@kirkland.com

*Co-Counsel to the Debtors*
*and Debtors in Possession*

</td></tr>
</table>

### **Certificate of Service**

I certify that on the January 17, 2019, I caused a copy of the foregoing document to be served by the Electronic Case Filing System for the United States Bankruptcy Court for the Southern District of Texas.

*/s/ Patricia B. Tomasco*
Patricia B. Tomasco

## **EXHIBIT A**

**Legacy Notes Settlement Term Sheet**

## SUMMARY OF MATERIAL PLAN AND RSA CHANGES
## IHEARTMEDIA, INC., ET AL.

The following is a summary term sheet (this "Term Sheet") of certain proposed modifications to the *Modified Fifth Amended Joint Chapter 11 Plan of Reorganization of iHeartMedia, Inc. and Its Debtor Affiliates Pursuant to Chapter 11 of the Bankruptcy Code* [Docket No. 2207] (as such plan may be amended, supplemented or otherwise modified from time to time in accordance with the terms thereof, the "Plan") and the restructuring term sheet annexed to that certain Restructuring Support Agreement, dated as of March 16, 2018 (as amended, supplemented or otherwise modified from time to time in accordance with the terms thereof, the "RSA").  Each capitalized term that is not defined herein shall have the meaning ascribed to such term in the RSA or the Plan, as applicable.  A plan incorporating the terms of this Term Sheet shall be referred to as the "Amended Plan."

**THIS TERM SHEET DOES NOT CONSTITUTE (NOR SHALL IT BE CONSTRUED AS) AN OFFER WITH RESPECT TO ANY SECURITIES OR A SOLICITATION OF ACCEPTANCES OR REJECTIONS AS TO ANY EXCHANGE OR PLAN OF REORGANIZATION, IT BEING UNDERSTOOD THAT SUCH A SOLICITATION, IF ANY, SHALL BE MADE ONLY IN COMPLIANCE WITH SECTION 4(A)(2) OF THE SECURITIES ACT OF 1933 AND/OR SECTION 1145 OF THE BANKRUPTCY CODE AND APPLICABLE PROVISIONS OF SECURITIES, BANKRUPTCY, AND/OR OTHER APPLICABLE STATUTES, RULES, AND LAWS.**

| Provision | Description |
|---|---|
| **Treatment of Legacy Notes Claims** | Under the Amended Plan, in addition to the recovery already provided for Holders of Allowed Legacy Notes Claims in the Plan, Holders of Allowed Legacy Notes Claims shall receive their Pro Rata share of an additional 0.2% (the "Additional Legacy Notes' Recovery") of Special Warrants, New iHeart Common Stock, or a combination of Special Warrants and New iHeart Common Stock, as determined in accordance with the Equity Allocation Mechanism ("Reorganized iHeart Equity").[1]<br><br>The Reorganized iHeart Equity portion of the Additional Legacy Notes' Recovery will be provided through the following reductions of Reorganized iHeart Equity:<br><br>&bull; Holders of 2021 Notes Claims shall have their aggregate recovery of Reorganized iHeart Equity reduced by 0.1%; and<br><br>&bull; the Consenting Sponsors shall have their aggregate recovery of Reorganized iHeart Equity on behalf of their iHeart Interests reduced by 0.1%.<br><br>The Legacy Notes Claims shall be Allowed against iHC in the following amounts:<br><br>&bull; 5.50% Senior Notes due 2016:  $57,885,125<br><br>&bull; 6.875% Senior Notes due 2018:  $178,007,813<br><br>&bull; 7.25% Senior Notes due 2027:  $309,062,500<br><br>Under the Amended Plan, each Legacy Notes Claim that is an Intercompany Notes Claim will be cancelled without any distribution on account of such Legacy Notes Claim, and the distribution that otherwise would have been made on account of such Intercompany Notes Claims that are Legacy Notes Claims shall be allocated, Pro Rata, to Holders of Allowed Legacy Notes Claims that are not Intercompany Notes Claims. |

---

[1]   For the avoidance of doubt, all references to percentages of Reorganized iHeart Equity in this Term Sheet are to percentages of Reorganized iHeart Equity on a fully diluted basis (but excluding and subject to dilution on account of the Post-Emergence Equity Incentive Program).

| Provision | Description |
|---|---|
| **Payment of Legacy Notes Trustee's Fees** | On the Effective Date, the Debtors shall pay $4.0 million to the Legacy Notes Trustee on account of its fees and expenses (the "Legacy Notes Trustee Fee Payment"). |
| | The Consenting Legacy Noteholders and the Legacy Notes Trustee agree that, other than the Legacy Notes Trustee Fee Payment, the Debtors or Reorganized Debtors, as applicable, shall not be responsible for the Legacy Notes Trustee's or Consenting Legacy Noteholders' fees or expenses, and the Consenting Legacy Noteholders and the Legacy Notes Trustee shall waive any potential right to seek payment of such fees or expenses from the Debtors or the Reorganized Debtors, including without limitation any substantial contribution claim; *provided, however*, that such waiver shall not waive the Legacy Notes Trustee's Claims, if any, under section 503(b)(3)(F) of the Bankruptcy Code. |
| **Debtors' Commitment** | The Debtors agree, subject to the occurrence of the Effective Date, to waive any right to recover costs pursuant to the Judgment entered in adversary proceeding case number 18-03052 (the "Springing Lien Adversary Proceeding") [Docket No. 264]. |
| | The Debtors agree, subject to the occurrence of the Effective Date, to waive all Claims, Causes of Action, obligations, and indemnities arising under that certain Letter Agreement by and between Kingdon Capital Management, L.L.C. and iHeartCommunications, Inc. dated October 20, 2014, including, for the avoidance of doubt any such Claims, Causes of Action, obligations, and indemnities against Kingdon Associates, Kingdon Credit Master Fund L.P., Kingdon Family Partnership, L.P. and M. Kingdon Offshore Master Fund L.P. |
| | The Debtors agree to promptly file the Amended Plan and prosecute confirmation thereof. |
| **Release Definitions** | AG Super Fund Master, L.P.; Nutmeg Partners, L.P.; AG MM, L.P.; AG Centre Street Partners, L.P.; AG Capital Recovery Partners VIII, L.P.; AG Corporate Credit Opportunities Fund, L.P.; Angelo, Gordon & Co.; Kingdon Capital Management, L.L.C.; Kingdon Credit Master Fund L.P.; M. Kingdon Offshore Master Fund L.P.; KLS Diversified Asset Management L.P.; HG Vora Capital Management, LLC; HG Vora Special Opportunities Master Fund, Ltd., and each current and former Affiliate and Related Party of each of the foregoing (collectively, the "Consenting Legacy Noteholders") and the Legacy Notes Trustee shall be included in the definitions of Released Party and Releasing Parties under the Amended Plan. |

| | |
|---|---|
| **Consenting Legacy Noteholders' Commitment** | Prior to the filing of the Amended Plan, the Consenting Legacy Noteholders and the Legacy Notes Trustee shall agree and shall confirm such agreement on the record in open court, to affirmatively support the Amended Plan, including, without limitation, by (i) supporting the releases in the Amended Plan, (ii) changing all rejecting votes by the Consenting Legacy Noteholders and the Legacy Notes Trustee, to the extent applicable, to accept the Amended Plan, (iii) changing all opt-out elections by the Consenting Legacy Noteholders and the Legacy Notes Trustee to not opt-out of the Amended Plan's release provisions (iv) directing the Legacy Notes Trustee to withdraw all of its objections to confirmation of the Plan (including objections to the CCOH Plan and Separation Settlement) and (v) instructing the Legacy Notes Trustee to support, and not object to or otherwise disturb, Confirmation and Consummation of the Amended Plan. |

The Consenting Legacy Noteholders and the Legacy Notes Trustee will agree, pending the occurrence of the Effective Date, to:

- not prosecute any appeal of the Springing Lien Adversary Proceeding, except as necessary to preserve the right to appeal, and will move to stay any action in any such appeal pending the occurrence of the Effective Date;

- suspend indefinitely adversary proceeding case number 18-03287 (the "Equitable Subordination Adversary Proceeding");

- suspend indefinitely the *Objection of Wilmington Savings Fund Society, FSB, as Successor Indenture Trustee, to Proof of Claim No. 3833* [Docket No. 1681] (the "CCOH Claim Objection"); and

- suspend indefinitely the Legacy Notes Trustee's joinder to the Standing Motion [Docket No. 1104] (the "Standing Motion Joinder").

On the Effective Date, the Equitable Subordination Adversary Proceeding, the CCOH Claim Objection, and the Standing Motion Joinder shall be deemed dismissed with prejudice without any further action required by any party, and the Consenting Legacy Noteholders and the Legacy Notes Trustee shall move to dismiss any appeal of the Springing Lien Adversary Proceeding with prejudice. The prepetition springing lien litigation pending in New York state court shall also be dismissed with prejudice. The Consenting Legacy Noteholders and the Legacy Notes Trustee shall take any and all steps necessary to effectuate the foregoing.