

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

ENTERED
04/12/2019

| | | |
|---|---|---|
| IN RE: | § | |
| IHEARTMEDIA, INC., *et al* | § | CASE NO: 18-31274 |
| | § | |
| | § | Jointly Administered Order |
| Debtors | § | |
| | § | CHAPTER 11 |

## MEMORANDUM OPINION

Samantha Springs filed a proof of claim in iHeartMedia, Inc.'s ("iHeart") chapter 11 bankruptcy case. (*See* Proof of Claim No. 3274). Ms. Springs's proof of claim listed iHeartMedia as the debtor of record and sought to recover $5,000,000.00 based on claims of gender discrimination, hostile work environment, intentional infliction of emotional harm, and breach of contract. (Proof of Claim No. 88-2 at 2). Subsequently, Ms. Springs learned that her employment contract was with a different affiliate, iHeartMedia + Entertainment, Inc. ("Entertainment") and not iHeart. (ECF No. 2266 at 2). Ms. Springs seeks leave to amend her proof of claim to list Entertainment as the correct debtor, reflecting her employment contract.

The Court grants Ms. Springs leave to amend her proof of claim.

## Background

Ms. Springs signed an employment agreement with Entertainment on August 7, 2017. (ECF No. 2266-2 at 1, 13). The terms of her contract appointed Ms. Springs as a general sales manager in New Orleans, Louisiana from August 21, 2017 to August 20, 2020. (ECF No. 2266-2 at 1). However, Ms. Springs's employment was terminated on February 1, 2018. (ECF No. 2266-2 at 7). Ms. Springs alleges that she was offered a $25,000.00 severance payment in exchange for releasing any claims she may have against iHeart's affiliates or its employees. (ECF No. 2266-2 at 4–5). Ms. Springs claims that she rejected the severance offer. (ECF No.

2266-2 at 8). That same day, Ms. Springs filed an internal complaint that alleged her supervisor had sexually assaulted her. (ECF No. 2266-2 at 8).

On March 14, 2018, iHeart and several of its affiliates including Entertainment filed voluntary chapter 11 bankruptcy petitions in this Court. (ECF No. 2277 at 2). The Court issued an Order which set June 29, 2018, as the claims bar date. (*See* ECF No. 743). The Order required that each proof of claim filed "clearly identify the Debtor against which a claim is asserted, including the individual Debtor's case number." (ECF No. 743 at 7). The Order also stated that "a Proof of Claim filed under the joint administration case number . . . or otherwise without identifying a specific Debtor, will be deemed as filed only against [iHeart]." (ECF No. 743 at 7–8).

Ms. Springs timely filed a proof of claim for $500,000.00 on April 26, 2018, naming "iHeart Media Inc." as the sole debtor. (Claim No. 88-1 at 1). The claim did not specifically allege a basis stating, "See Riders" and attached a copy of Springs's employment contract, communications describing a non-compete clause iHeart sought to enforce against Ms. Springs, and Ms. Springs's allegations against her supervisor. (Claim No. 88-1 at 14–17).

Ms. Springs then amended her proof of claim on July 2, 2018. The amendment increased the amount of her claim to $5,000,000.00 and listed a basis for the claim as "quid pro quo gender discrimination, hostile work environment, intentional infliction emotional harm, contract claims – fraud in the inducement and breach of implied duty of good faith and fair dealing." (Claim No. 88-2 at 2). Notably, the amended claim was asserted against "iHeart Media". (Claim No. 88-2 at 1). iHeart and Springs also reached an agreement to modify the automatic stay so Ms. Springs could file a complaint with the Equal Employment Opportunity Commission based on the same allegations described in her proof of claim. (*See* ECF No. 1162).

Ms. Springs filed notice of her intent to conduct a Rule 2004 examination in November 2018. In response, iHeart filed a motion to quash, arguing that the information Ms. Springs sought to obtain through her 2004 examination concerned her EEOC complaint rather than the administration of the bankruptcy estate. (ECF No. 1928 at 5). As the parties contested the examination, the issue of whether Ms. Springs's proof of claim was filed against the correct entity surfaced. (ECF No. 2053 at 12).

Ms. Springs filed an emergency motion for leave to amend her proof of claim under Federal Rule of Civil Procedure 15(a)(2) on December 26, 2018. (ECF No. 2266 at 1). The motion seeks to substitute Entertainment, Ms. Springs's previous employer, as the debtor against whom the claim is asserted, rather than iHeart. (ECF No. 2266 at 2). iHeart opposes this relief, arguing that Ms. Springs knew Entertainment was the correct entity based on the presence of her employment agreement in her first proof of claim. (ECF No. 2277 at 6). iHeart also argues that allowing a late amendment would upset the bankruptcy proceedings which have relied on Ms. Springs's asserted claims against iHeart rather than Entertainment. (ECF No. 2277 at 6).

The Court held a status conference on January 3, 2019, to determine the effect her proposed amendment may have on voting and distribution in iHeart's bankruptcy case. (ECF No. 2346 at 4). At the hearing, Ms. Springs's counsel represented that her intent was not to object to confirmation of iHeart's chapter 11 plan, but to name the correct debtor for distribution purposes. (ECF No. 2346 at 5). At the conclusion of the hearing, the Court froze the parties' rights for estoppel purposes and scheduled an evidentiary hearing to determine whether to grant Ms. Springs leave to amend her proof of claim. (ECF No. 2346 at 7–8).

The evidentiary hearing was held on February 19, 2019, and Ms. Springs provided testimony. (*See* ECF No. 2752). At the conclusion of the hearing, the Court issued a

preliminary ruling that Ms. Springs's error was not made for a wrongful strategic reason and took the matter under advisement. (ECF No. 2752 at 23).

## Jurisdiction

The District Court has jurisdiction over this proceeding under 28 U.S.C. § 1334(a). This is a core proceeding under 28 U.S.C. § 157(b)(2)(A), (B), and (O). Pursuant to 28 U.S.C. § 157(a), this proceeding has been referred to the Bankruptcy Court by General Order 2012-6.

## Analysis

"Amendments to timely creditor proofs of claim have been liberally permitted to 'cure a defect in the claim as originally filed, to describe the claim with greater particularity or to plead a new theory of recovery on the facts set forth in the original claim.'" *United States v. Kolstad (In re Kolstad)*, 928 F.2d 171, 175 (5th Cir. 1991) (quoting *In re Int'l Horizons Inc.*, 751 F.2d 1213, 1216 (11th Cir. 1985)). But a nexus must exist between the original proof of claim and the amendment to prevent a wholly new claim asserted against the estate. *Int'l Horizons*, 751 F.2d at 1216. The decision of whether to allow an amendment is an equitable decision left to the discretion of the Court. *Kolstad*, 928 F.2d at 173.

iHeart does not dispute that Ms. Springs's original proof of claim was timely filed prior to the claims bar date. (ECF No. 2277 at 2). However, iHeart argues that Ms. Springs's failure to list the correct debtor in her proof of claim is an attempt to circumvent the claims bar date and failed to provide Entertainment with adequate notice of potential liability. (ECF No. 2277 at 5).

The first proof of claim Ms. Springs filed listed a claim amount of $500,000.00 and "iHeart Media Inc." as the debtor. (Claim No. 88-1 at 2). Although the original proof of claim did not state a specific cause of action, the attachments described her intent to pursue binding

arbitration due to sexual harassment. (Claim No. 88-1 at 14–15). Ms. Springs then amended her proof of claim and increased the amount of the claim to $5,000,000.00, added specific causes of action based on the alleged sexual harassment, and attached a sworn declaration describing the alleged harassment. (Claim No. 88-2 at 2). However, "iHeart Media" remained the debtor of record in the amended claim. (Claim No. 88-2 at 1). Now Ms. Springs seeks leave to amend her claim to add name Entertainment as the correct debtor against whom the claim is asserted. (ECF No. 2266 at 2).

Present throughout Ms. Springs's proofs of claim were her employment contract and information indicating her intent to pursue a sexual harassment claim in accordance with her employment contract. Although Ms. Springs failed to name the correct affiliate as the debtor, the supporting documentation she included was sufficient to bring the issue to iHeart's attention.[1] The goal of the proof of claims process is to provide notice to the debtor regarding potential liability. *Kolstad*, 928 F.2d at 172. However, this goal is tempered by the fact that it is "not supposed to function merely as a procedural gauntlet that only the most adroit or best represented creditors can overcome." *Kolstad*, 928 F.2d at 172. iHeart demonstrated it had adequate notice that Entertainment could bear liability for Ms. Springs's alleged claim based on her previously filed proofs of claim. Accordingly, a nexus exists between the proofs of claim sufficient to support amendment.

Although a nexus exists between Ms. Springs's proofs of claim and her proposed amendment, the Court must also consider whether granting the requested relief is equitable. This analysis parallels the equitable considerations for amendments under Federal Rule of Civil

---

[1] At the November 28, 2018 hearing, iHeart's counsel stated: "the confusion is that her employer was once a subsidiary and whether or not it's more appropriate for the claim to be asserted against the subsidiary." (ECF No. 2053 at 12).

Procedure 15, which is applicable to bankruptcy proceedings through Federal Rule of Bankruptcy Procedure 7015. *See Kolstad*, 928 F.2d at 175; *Int'l Horizons*, 751 F.2d at 1216. The equitable determination considers: (i) undue delay, (ii) bad faith or dilatory motive by the movant, (iii) repeated failure to cure deficiencies in previous amendments, (iv) undue prejudice to the opposing party, and (iv) the futility of the amendment. *See Forman v. Davis*, 371 U.S. 178, 182; *In re DePugh*, 409 B.R. 84, 100 (Bankr. S.D. Tex. 2009).

iHeart argues that Ms. Springs's inclusion of her employment contract in her proof of claim and amendment demonstrates her knowledge that Entertainment was her employer. (ECF No. 2277 at 5–6). Contrary to iHeart's assertion, at the February 19, 2019 hearing, Ms. Springs presented testimony that her failure to list Entertainment as the correct debtor was the result of inadvertence and her genuine belief that iHeartMedia rather than Entertainment was her employer. (February 19, 2019 Hearing at 2:20 p.m.). Ms. Springs's testimony was corroborated by other evidence such as her business card which listed her title as "General Sales Manager iHeartMedia" and her corporate e-mail address as "samsprings@iHeartMedia.com." (Springs Ex. 3). Additionally, Ms. Springs provided the "iHeartMedia Inc. Employee Guide" she received when she began working. (Springs Ex. 7 at 1). The Employee Guide's table of contents contains sections such as "About iHeartMedia, Inc." and introduces each topic using phrases such as "iHeartMedia, Inc. will strive to remain in the forefront . . ." or "The tollfree iHeartMedia, Inc. Employee Hotline. . . ." (Springs. Ex. 7 at 3, 6). The sole reference to Entertainment in the Employee Guide was an addendum titled "iHeartMedia, Inc., Media + Entertainment Addendum." (Springs Ex. 7 at 27). However, even this section began by stating, "iHeartMedia Inc. will conduct training. . . ." (Springs Ex. 7 at 27).

Given the volume of uncontested information presented, it would be reasonable for Ms. Springs to conclude that iHeart was her employer rather than Entertainment. As a result, her proposed amendment was not proposed in bad faith. Similarly, since Ms. Springs did not realize that iHeart was not her employer until November 2018, she could not have corrected her error in her first amendment to her proof of claim. This balances the factors of undue delay and previous failures to cure in Ms. Springs's favor.

The futility of the amendment also weighs in favor of granting Ms. Springs leave to amend her proof of claim. Allowing the amendment will place Ms. Springs's claim in the correct class. iHeart (or Entertainment) may then object. The parties may then contest the merits of Ms. Springs's claim rather than attempt to win on procedural grounds. Accordingly, granting leave to amend is in line with the goals of the claims resolution process and would not be a futile exercise. *See Kolstad*, 928 F.2d at 172.

iHeart also alleges that allowing Ms. Springs to amend her proof of claim would prejudice the debtors and other creditors who "relied upon the universe of timely filed claims in deciding whether to vote to accept or reject the plan." (ECF No. 2277 at 6). iHeart's chapter 11 Plan was confirmed on January 22, 2019. (*See* ECF No. 2525). This fact alone mitigates the prejudice iHeart claims. As of that date, the classification and allowance of her claim were both unknown. Creditors could not have relied on the error. Despite the uncertainty regarding which class Ms. Springs's claim would fall under, the creditors in each of the voting classes accepted iHeart's Plan. (ECF No. 2116 at 5).

While iHeart's Plan was confirmed, it is not yet effective. (*See* ECF No. 2525 at 180–181). iHeart's Plan provides that disputed claims and interests will be resolved after the effective date, and grants iHeart and its affiliates 180 days to file objections after the effective date. (ECF

No. 2525 at 172). The Plan also contains a provision that specifically addresses post-confirmation amendments to proofs of claim: "A Proof of Claim . . . may be amended before the Confirmation Date. . . as otherwise permitted by the Bankruptcy Court . . . ." (ECF No. 2525 at 173). iHeart will undoubtedly experience *some* prejudice when compared with a prompt and correct filing of Ms. Springs's proof of claim prior to the claims bar date. However, the provisions included in iHeart's Plan demonstrate that Ms. Springs's request was not an unexpected contingency but rather specifically anticipated and addressed. iHeart has sufficient time to both object and defend against Ms. Springs's claim. Accordingly, the minimal prejudice to iHeart is outweighed by the other factors in Ms. Springs's favor.

### Conclusion

The Court will issue an Order consistent with this Memorandum Opinion.

SIGNED **April 12, 2019.**

Marvin Isgur
UNITED STATES BANKRUPTCY JUDGE