IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| In re: | § § | Chapter 11 |
| IHEARTMEDIA, INC., *et al.*,[1] | § § § | Case No. 18-31274 (MI) |
| Reorganized Debtors. | § § § | (Jointly Administered) |

**REORGANIZED DEBTORS' FIFTY-FIFTH OMNIBUS OBJECTION
TO CERTAIN PROOFS OF CLAIM (SATISFIED CLAIMS)**

> **THIS IS AN OBJECTION TO YOUR CLAIM. THE OBJECTING PARTY IS ASKING THE COURT TO DISALLOW THE CLAIM THAT YOU FILED IN THIS BANKRUPTCY CASE. YOU SHOULD IMMEDIATELY CONTACT THE OBJECTING PARTY TO RESOLVE THE DISPUTE. IF YOU DO NOT REACH AN AGREEMENT, YOU MUST FILE A RESPONSE TO THIS OBJECTION AND SEND A COPY OF YOUR RESPONSE TO THE OBJECTING PARTY WITHIN 30 DAYS AFTER THE OBJECTION WAS SERVED ON YOU. YOUR RESPONSE MUST STATE WHY THE OBJECTION IS NOT VALID. IF YOU DO NOT FILE A RESPONSE WITHIN 30 DAYS AFTER THE OBJECTION WAS SERVED ON YOU, YOUR CLAIM MAY BE DISALLOWED WITHOUT A HEARING.**
>
> **A HEARING HAS BEEN SET ON THIS MATTER ON NOVEMBER 20, 2019 AT 1:30 P.M., PREVAILING CENTRAL TIME, IN COURTROOM 404, 4TH FLOOR, UNITED STATES BANKRUPTCY COURT FOR THE SOUTHERN DISTRICT OF TEXAS, 515 RUSK STREET, HOUSTON, TEXAS 77002.**
>
> **REPRESENTED PARTIES SHOULD ACT THROUGH THEIR ATTORNEY.**

> **THIS OBJECTION SEEKS TO DISALLOW CERTAIN PROOFS OF CLAIM. CLAIMANTS RECEIVING THIS OBJECTION SHOULD LOCATE THEIR NAMES AND CLAIMS ON <u>SCHEDULE 1</u> TO THE ORDER ATTACHED TO THIS OBJECTION.**

The above-captioned debtors (collectively, the "<u>Debtors</u>" or "<u>Reorganized Debtors</u>," as applicable) respectfully represent as follows in support of this omnibus claims objection (this "<u>Objection</u>"), and submit the *Declaration of Scott Hamilton in Support of the Reorganized*

---

[1] Due to the large number of Debtors in these chapter 11 cases, for which joint administration has been granted, a complete list of the Debtors and the last four digits of their tax identification, registration, or like numbers is not provided herein. A complete list of such information may be obtained on the website of the Debtors' claims, noticing, and solicitation agent at https://cases.primeclerk.com/iheartmedia. The location of Debtor iHeartMedia, Inc.'s principal place of business and the Debtors' service address is: 20880 Stone Oak Parkway, San Antonio, Texas 78258.

*Debtors' Fifty-Fifth Omnibus Objection to Certain Proofs of Claim (Satisfied Claims)* attached hereto as **Exhibit A** (the "Hamilton Declaration"):

### Relief Requested

1. By this Objection, the Reorganized Debtors seek entry of an order (the "Order") disallowing each claim identified on **Schedule 1** to the Order (collectively, the "Satisfied Claims") in their entirety because each such claim was satisfied or released during these chapter 11 cases in accordance with the Bankruptcy Code, any applicable rules, or a Court order.

### Jurisdiction, Venue, and Procedural Background

2. The United States Bankruptcy Court for the Southern District of Texas (the "Court") has jurisdiction over this matter pursuant to 28 U.S.C. § 1334. The Reorganized Debtors confirm their consent, pursuant to rule 7008 of the Bankruptcy Rules, to the entry of a final order by the Court in connection with this Objection to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

3. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

4. The bases for the relief requested herein are §§ 105(a) and 502(b) of title 11 of the United States Code (the "Bankruptcy Code"), Bankruptcy Rule 3007, and Rules 9013-1 and 3007-1 of the Bankruptcy Local Rules for the Southern District of Texas (the "Bankruptcy Local Rules").

5. On March 14, 2018 (the "Petition Date"), each of the Debtors filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code. These chapter 11 cases have been consolidated for procedural purposes only and are being jointly administered pursuant to Bankruptcy Rule 1015(b) [ECF No. 76]. On March 21, 2018, the United States Trustee for the Southern District of Texas (the "U.S. Trustee") appointed an official committee of unsecured

creditors pursuant to § 1102 of the Bankruptcy Code (the "Committee") [ECF No. 244]. On May 1, 2019, the Effective Date of the Plan occurred and the Debtors emerged from chapter 11.

## The Claims Reconciliation Process

6. On May 14, 2018, the Debtors filed their Statements of Financial Affairs and Schedules of Assets and Liabilities, as required by § 521 of the Bankruptcy Code (collectively, the "Schedules") pursuant to Bankruptcy Rule 1007 and the *Order (I) Extending Time to File (A) Schedules of Assets and Liabilities, (B) Schedules of Current Income and Expenditures (C) Schedules of Executory Contracts and Unexpired Leases, (D) Statements of Financial Affairs, and (E) Rule 2015.3 Financial Reports, (II) Waiving the Requirement to File a List of Equity Security Holders, and (III) Granting Related Relief* [ECF No. 112].

7. On May 17, 2018, the Court entered the *Order (I) Setting Bar Dates for Filing Proofs of Claim, Including Requests for Payment Under Section 503(B)(9), (II) Establishing Amended Schedules Bar Date and Rejection Damages Bar Date, (III) Approving the Form of and Manner for Filing Proofs of Claim, Including Section 503(B)(9) Request, and (IV) Approving Notice of Bar Dates* [ECF No. 743] (the "Bar Date Order"), establishing certain dates and deadlines for filing proofs of claims in these chapter 11 cases (collectively, the "Proofs of Claims"). Among other things, the Bar Date Order established: (a) June 29, 2018 at 5:00 p.m. prevailing Central Time, as the deadline for all non-governmental entities holding or wishing to assert a "claim" (as defined in § 101(5) of the Bankruptcy Code) against any of the Debtors that arose before the Petition Date to file a proof of such claim in writing and (b) September 11, 2018, at 5:00 p.m. prevailing Central Time, as the deadline for all governmental entities holding or wishing to assert a "claim" (as defined in § 101(5) of the Bankruptcy Code) against any of the Debtors that arose before the Petition Date to file a proof of such claim in writing.

3

8. To date, over 3,936 proofs of claims have been filed against the Reorganized Debtors, totaling over $482,235,474,921.44 in the aggregate. Because of the large number of claims in these cases, the Debtors sought and have been granted approval to file omnibus objections to certain claims in accordance with the procedures set forth in the *Order Approving Omnibus Claims Objection Procedures and Filing of Substantive Omnibus Claims Objections* [ECF No. 1206] (the "Objection Procedures"). The Reorganized Debtors and their advisors (collectively, the "Reviewing Parties"), have been working diligently to review the Satisfied Claims, including any supporting documentation filed therewith. For the reasons set forth below, and based on the review to date, the Reviewing Parties determined that the Satisfied Claims should be disallowed and modified as set forth herein.

## Objection

9. Section 502 of the Bankruptcy Code provides, in pertinent part, as follows: "[a] claim or interest, proof of which is filed under § 501 of [the Bankruptcy Code], is deemed allowed, unless a party in interest . . . objects." 11 U.S.C. § 502. Moreover, Bankruptcy Rule 3007 provides certain grounds upon which "objections to more than one claim may be joined in an omnibus objection," which includes when "the objections are based solely on the grounds that the claims should be disallowed, in whole or in part, because . . . they have been satisfied or released during the case in accordance with the [Bankruptcy] Code, applicable rules, or a court order." Fed. R. Bankr. P. 3007(d).

10. As set forth in Bankruptcy Rule 3001(f), a properly executed and filed proof of claim constitutes prima facie evidence of the validity and the amount of the claim under § 502(a) of the Bankruptcy Code. *See, e.g.*, *In re Tran,* 351 B.R. 440, 444 (Bankr. S.D. Tex. 2006), aff'd, 369 B.R. 312 (S.D. Tex. 2007) (holding that a properly filed proof of claim is prima facie evidence

4

of the validity and amount of the claim.). A proof of claim loses the presumption of prima facie validity under Bankruptcy Rule 3001(f) if an objecting party refutes at least one of the allegations that are essential to the claim's legal sufficiency. *See In re Fidelity Holding Co., Ltd.*, 837 F.2d 696, 698 (5th Cir. 1988) (holding "If, however, evidence rebutting the claim is brought forth, then the claimant must produce additional evidence to "prove the validity of the claim by a preponderance of the evidence.") Once such an allegation is refuted, the burden reverts to the claimant to prove the validity of its claim by a preponderance of the evidence. *Id*. Despite this shifting burden during the claim objection process, "the ultimate burden of proof always lies with the claimant." *Id.*

## Satisfied Claims

11.     As set forth in the Hamilton Declaration, the Reorganized Debtors thoroughly reviewed their books and records, and the claims register and determined that the Satisfied Claims identified on **Schedule 1** were satisfied or released during these chapter 11 cases in accordance with the Bankruptcy Code, any applicable rules, or a Court order. Specifically, such Satisfied Claims were for post-petition obligations satisfied in the ordinary course of the Reorganized Debtors' business. Failure to disallow the Satisfied Claims would result in the applicable claimants receiving an unwarranted recovery against the Reorganized Debtors to the detriment of other similarly situated creditors. Accordingly, the Reorganized Debtors request that the Court enter an order disallowing the entirety of those Satisfied Claims identified on **Schedule 1** to the Order.

## Reservation of Rights

12.     This Objection is limited to the grounds stated herein. Accordingly, it is without prejudice to the rights of the Reorganized Debtors to object to any claim on any ground whatsoever. The Reorganized Debtors expressly reserve all further substantive or procedural objections. Nothing contained herein or any actions taken pursuant to such relief is intended or

should be construed as: (a) an admission as to the validity of any prepetition claim against a Reorganized Debtor entity; (b) a waiver of the Reorganized Debtors' right to dispute any prepetition claim on any grounds; (c) a promise or requirement to pay any prepetition claim; (d) an implication or admission that any particular claim is of a type specified or defined in this Objection or any order granting the relief requested by this Objection; (e) a request or authorization to assume any prepetition agreement, contract, or lease pursuant to § 365 of the Bankruptcy Code; or (f) a waiver of the Reorganized Debtors' rights under the Bankruptcy Code or any other applicable law.

### Separate Contested Matter

13.     To the extent that a response is filed regarding any Satisfied Claim and the Reorganized Debtors are unable to resolve any such response, each such Satisfied Claim, and the Objection as it pertains to such Satisfied Claim, will constitute a separate contested matter as contemplated by Bankruptcy Rule 9014.  Further, the Reorganized Debtors request that any order entered by the Court regarding an objection or other reply asserted in response to this Objection be deemed a separate order with respect to each proof of claim.

### Notice

14.     Notice of the hearing on the relief requested in this Objection has been provided by the Reorganized Debtors in accordance and compliance with Bankruptcy Rules 4001 and 9014, as well as the Bankruptcy Local Rules, and is sufficient under the circumstances. Without limiting the forgoing, due notice was afforded, whether by facsimile, electronic mail, overnight courier or hand delivery, to parties in interest, including:  (a) the U.S. Trustee; (b) the Committee; (c) the agent for the Reorganized Debtors' receivables based credit facility; (d) the agent for the Reorganized Debtors' term loan credit facility; (e) the indenture trustees for the Reorganized Debtors' priority guarantee notes, 14.0% senior notes due 2021, 6.875% senior

notes due 2018, and 7.25% senior notes due 2027; (f) counsel to an ad hoc group of lenders under the Reorganized Debtors' term loan credit facility and priority guarantee noteholders; (g) counsel to an ad hoc group of lenders under the Reorganized Debtors' term loan credit facility; (h) counsel to an ad hoc group of holders of 6.875% senior notes due 2018 and 7.25% senior notes due 2027; (i) counsel to an ad hoc group of holders of 14.0% senior notes due 2021; (j) the Office of the United States Attorney for the Southern District of Texas; (k) the state attorneys general for states in which the Reorganized Debtors conduct business; (l) the Internal Revenue Service; (m) the Securities and Exchange Commission; (n) any party that has requested notice pursuant to Bankruptcy Rule 2002; and (o) each holder of a Satisfied Claim identified on **Schedule 1** to the Order..  The Reorganized Debtors submit that, in light of the nature of the relief requested, no other or further notice need be given.

WHEREFORE, the Reorganized Debtors respectfully request that the Court enter an Order granting the relief requested herein and such other and further relief as is just and equitable.

Houston, Texas
October 17, 2019

/s/ *Matthew D. Cavenaugh*
Elizabeth Freeman  (TX Bar No. 24009222)
Matthew D. Cavenaugh (TX Bar No. 24062656)
**JACKSON WALKER L.L.P.**
1401 McKinney Street, Suite 1900
Houston, Texas 77010
Telephone:	(713) 752-4200
Facsimile:	(713) 752-4221
Email:	efreeman@jw.com
	mcavenaugh@jw.com

*Co-Counsel to the Reorganized Debtors*

## Certificate of Service

      I certify that on the 17th day of October, 2019, I caused a copy of the foregoing document to be served by the Electronic Case Filing System for the United States Bankruptcy Court for the Southern District of Texas.

                                                        */s/ Matthew D. Cavenaugh*
                                                        Matthew D. Cavenaugh

# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | | |
|---|---|---|
| In re: | § § | Chapter 11 |
| IHEARTMEDIA, INC., *et al.*,[1] | § § | Case No. 18-31274 (MI) |
| Reorganized Debtors. | § § § | (Jointly Administered) |

## DECLARATION OF SCOTT HAMILTON IN SUPPORT OF THE REORGANIZED DEBTORS' FIFTY-FIFTH OMNIBUS OBJECTION TO CERTAIN PROOFS OF CLAIM (SATISFIED CLAIMS)

I, **SCOTT HAMILTON**, hereby declare under penalty of perjury:

1. I am the Senior Vice President, Chief Accounting Officer and Assistant Secretary of the Company, iHeartCommunications, iHeartMedia Capital I, LLC and CCOH, Inc. I was appointed Senior Vice President, Chief Accounting Officer and Assistant Secretary of the Company, iHeartCommunications and CCOH on April 26, 2010 and was appointed as Senior Vice President, Chief Accounting Officer and Assistant Secretary of iHeartMedia Capital I, LLC on April 26, 2013. Prior to April 26, 2010, I served as Controller and Chief Accounting Officer of Avaya Inc. ("Avaya"), a multinational telecommunications company, from October 2008 to April 2010. Prior to serving in those roles, I served in various accounting and finance positions at Avaya, beginning in October 2004. Before that, I was employed by PricewaterhouseCoopers from September 1992 until September 2004 in various roles including audit, transaction services, and technical accounting consulting.

---

[1] Due to the large number of Debtors in these chapter 11 cases, for which joint administration has been granted, a complete list of the Debtors and the last four digits of their tax identification, registration, or like numbers is not provided herein. A complete list of such information may be obtained on the website of the Debtors' claims, noticing, and solicitation agent at https://cases.primeclerk.com/iheartmedia. The location of Debtor iHeartMedia, Inc.'s principal place of business and the Debtors' service address is: 20880 Stone Oak Parkway, San Antonio, Texas 78258.

2

2. I am generally familiar with the Reorganized Debtors' day-to-day operations, financing arrangements, business affairs, and books and records that reflect, among other things, the Reorganized Debtors' liabilities and the amount thereof owed to their creditors as of the Petition Date. I read the *Reorganized Debtors' Fifty-Fifth Objection to Certain Proofs of Claim (Satisfied Claims)* (the "Objection"), filed contemporaneously herewith.[2]

3. To the best of my knowledge, information, and belief, the assertions made in the Objection are accurate. In evaluating the Satisfied Claims, as defined herein, the Reorganized Debtors and the Reviewing Parties reviewed the Reorganized Debtors' books and records and the relevant proofs of claim, as well as the supporting documentation provided by each claimant, and determined that each Satisfied Claim should be disallowed. As such, I believe that the disallowance of the Satisfied Claims on the terms set forth in the Objection is appropriate.

## Satisfied Claims

4. The Reorganized Debtors determined that each Satisfied Claim listed on **Schedule 1** of the Order (collectively, the "Satisfied Claims") were satisfied or released during these chapter 11 cases in accordance with the Bankruptcy Code, any applicable rules, or a Court order. Specifically, the Satisfied Claims were based on post-petition invoices paid by the Reorganized Debtors' in the ordinary course of business. Failure to disallow the Satisfied Claims would result in the applicable claimants receiving an unwarranted recovery against the Reorganized Debtors to the detriment of other similarly situated creditors. As such, I believe that disallowance of the Satisfied Claims on the terms set forth in the Objection and **Schedule 1** is appropriate.

---

[2] Capitalized but undefined terms herein shall have the same meaning ascribed to them in the Objection.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the facts set forth in the foregoing declaration are true and correct to the best of my knowledge, information and belief.

Dated: October 17, 2019

>*/s/ Scott Hamilton*_____
>Scott Hamilton
>Senior Vice President, Chief Accounting Officer
>iHeartMedia, Inc.

23543021v.1 152106/00001