IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | § | |
|---|---|---|
| In re: | § | Chapter 11 |
| | § | |
| IHEARTMEDIA, INC., *et al.*,[1] | § | Case No. 18-31274 (MI) |
| | § | |
| Reorganized Debtors. | § | (Jointly Administered) |
| | § | |

**REORGANIZED DEBTORS' MOTION FOR
ENTRY OF AN ORDER AUTHORIZING REORGANIZED
DEBTORS TO FILE THE SETTLEMENT AGREEMENT UNDER SEAL**

> **THIS MOTION SEEKS AN ORDER THAT MAY ADVERSELY AFFECT YOU.  IF YOU OPPOSE THE MOTION, YOU SHOULD IMMEDIATELY CONTACT THE MOVING PARTY TO RESOLVE THE DISPUTE.  IF YOU AND THE MOVING PARTY CANNOT AGREE, YOU MUST FILE A RESPONSE AND SEND A COPY TO THE MOVING PARTY.  YOU MUST FILE AND SERVE YOUR RESPONSE WITHIN 21 DAYS OF THE DATE THIS WAS SERVED ON YOU.  YOUR RESPONSE MUST STATE WHY THE MOTION SHOULD NOT BE GRANTED.  IF YOU DO NOT FILE A TIMELY RESPONSE, THE RELIEF MAY BE GRANTED WITHOUT FURTHER NOTICE TO YOU.  IF YOU OPPOSE THE MOTION AND HAVE NOT REACHED AN AGREEMENT, YOU MUST ATTEND THE HEARING.  UNLESS THE PARTIES AGREE OTHERWISE, THE COURT MAY CONSIDER EVIDENCE AT THE HEARING AND MAY DECIDE THE MOTION AT THE HEARING.
>
> **REPRESENTED PARTIES SHOULD ACT THROUGH THEIR ATTORNEY.**
>
> **THERE WILL BE A HEARING ON THIS MOTION ON NOVEMBER 20, 2019 AT 1:30 PM IN COURTROOM 404, 4TH FLOOR, 515 RUSK STREET, HOUSTON, TEXAS, 77002.**

The above-captioned reorganized debtors (the "Debtors" or "Reorganized Debtors," as applicable) file this motion (this "Motion") for entry of an order, substantially in the form attached hereto as **Exhibit A**, authorizing the Reorganized Debtors to file under seal the settlement agreement (the "Settlement Agreement")  attached as Exhibit 1 to Exhibit A to the *Reorganized*

---

[1] Due to the large number of Reorganized Debtors in these chapter 11 cases, for which joint administration has been granted, a complete list of the Reorganized Debtors and the last four digits of their tax identification, registration, or like numbers is not provided herein.  A complete list of such information may be obtained on the website of the Reorganized Debtors' claims, noticing, and solicitation agent at https://cases.primeclerk.com/iheartmedia.  The location of Reorganized Debtor iHeartMedia, Inc.'s principal place of business and the Reorganized Debtors' service address is: 20880 Stone Oak Parkway, San Antonio, Texas 78258.

*Debtors Motion for Entry of an Order (I) Modifying the Plan Injunction to Permit the State Court Action to Go Forward for A Limited Purpose, and (II) Granting Related Relief* (the "Plan Injunction Motion").[2]

### Jurisdiction, Venue, and Procedural Background

1. The United States Bankruptcy Court for the Southern District of Texas (the "Court") has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference from the United States District Court for the Southern District of Texas*, dated May 24, 2012 (the "Amended Standing Order"). The Reorganized Debtors confirm their consent, pursuant to rule 7008 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), to the entry of a final order by the Court in connection with this Motion to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

2. Venue is permissible pursuant to 28 U.S.C. §§ 1408 and 1409.

3. The statutory bases for the relief requested herein are Sections 105(a) and 107(b) of title 11 of the United States Code (the "Bankruptcy Code"), Bankruptcy Rule 9018, and Rule 9037–1 of the Bankruptcy Local Rules for the Southern District of Texas.

4. On January 22, 2019, the Bankruptcy Court entered an order [Docket No. 2525] confirming the Debtors' plan of reorganization [Docket No. 2521] (the "Plan").

5. On May 1, 2019, the Effective Date (as defined in the Plan) occurred, and the Reorganized Debtors filed and served the *Notice of (I) Entry of Order Confirming the Modified*

---

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such terms in the Plan Injunction Motion.

*Fifth Amended Joint Chapter 11 Plan of Reorganization of iHeartMedia, Inc. And Its Debtor Affiliates Pursuant to Chapter 11 of the Bankruptcy Code and (II) Occurrence of the Effective Date* [Docket No. 3298].

## Basis for Relief

6.     Section 105(a) of the Bankruptcy Code, which codifies the bankruptcy court's inherent equitable powers, also empowers the Court to "issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title."  Further, pursuant to Section 107(b) of the Bankruptcy Code, the Court is authorized to issue orders to protect entities with respect to certain confidential information.

7.     Bankruptcy Rule 9018 implements Section 107(b) of the Bankruptcy Code and provides, in relevant part:

> On Motion or on its own initiative, with or without notice, the court may make any order which justice requires (1) to protect the estate or any entity in respect of a trade secret or other confidential research, development, or commercial information[.]

8.     Although there is a presumption in favor of public access to court records, such access is not without limit.  *See Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978). Sections 105(a) and 107(b), Bankruptcy Rule 9018, and Local Rule 9037–1 authorize this Court to limit public access under the circumstances present in this matter.

9.     Specifically, the Settlement Agreement is akin to a trade secret or commercial information because such information could be used against the Reorganized Debtors or Plaintiff in future negotiations regarding the settlement of similar disputes.  *See In re GenOn Energy, Inc.*, No. 17-33695 (DRJ) (Bankr. S.D. Tex. June 4, 2018) [Docket No. 1654] (granting motion to seal the amount of a settlement payment where claimants asserted that the settlement amount was akin to a trade secret or commercial information that could be used against settling parties in future

negotiations regarding the settlement of similar disputes); *In re Brahmacom, Inc.*, No. 04-15243-RS, 2005 WL 3240584 at *1 (Bankr. D. Mass. June 3, 2005) (permitting sealing of a settlement because it "constitutes confidential commercial information under Section 107"). Moreover, the Settlement Agreement requires the Reorganized Debtors and Plaintiff to maintain the strict confidentiality of the terms thereof; as a result, disclosure of any of the terms therein would violate the confidentiality provisions of the Settlement Agreement. For those reasons, the terms of the Settlement Agreement are highly confidential and should be sealed. *See* 11 U.S.C. § 107(b) (allowing the Court to "protect an entity with respect to a trade secret . . . or commercial information").

## Conclusion

10. For the reasons set forth herein, the Reorganized Debtors request that the Court issue an order substantially in the form attached hereto granting this Motion and such other and further relief as may be just and proper.

## Notice

11. Notice of the hearing on the relief requested in the Motion has been provided by the Reorganized Debtors in accordance with the Bankruptcy Local Rules, and is sufficient under the circumstances. Without limiting the foregoing, due notice was afforded, whether by facsimile, electronic mail, overnight courier or hand delivery, to parties in interest, including: (a) the U.S. Trustee; (b) the agent for the Debtors' prepetition receivables based credit facility; (c) the agent for the Debtors' prepetition term loan credit facility; (d) the indenture trustees for the Debtors' prepetition priority guarantee notes, 14.0% senior notes due 2021, 6.875% senior notes due 2018, and 7.25% senior notes due 2027; (e) counsel to an ad hoc group of lenders under the Debtors' prepetition term loan credit facility and priority guarantee noteholders; (f) counsel to an ad hoc

group of lenders under the Debtors' prepetition term loan credit facility; (g) counsel to an ad hoc group of holders of prepetition 6.875% senior notes due 2018 and 7.25% senior notes due 2027; (h) counsel to an ad hoc group of holders of prepetition 14.0% senior notes due 2021; (i) the Office of the United States Attorney for the Southern District of Texas; (j) the state attorneys general for states in which the Debtors conduct business; (k) the Internal Revenue Service; (l) the Securities and Exchange Commission; (m) Plaintiff; (n) counsel to Plaintiff; and (o) any party that has requested notice pursuant to Bankruptcy Rule 2002.  The Reorganized Debtors submit that, in light of the nature of the relief requested, no other or further notice need be given.

## **No Prior Request**

12.     No prior request for the relief sought in this Motion has been made to this or any other court.

*[Remainder of page intentionally left blank.]*

WHEREFORE, for the reasons stated above, the Reorganized Debtors respectfully request entry of an Order, substantially in the form attached hereto as **Exhibit A**, granting the relief requested herein and granting such other relief as is just and proper.

Houston, Texas
October 29, 2019

/s/ *Matthew D. Cavenaugh*

| | |
|---|---|
| Elizabeth C. Freeman (TX Bar No. 24009222) | James H.M. Sprayregen, P.C. |
| Matthew D. Cavenaugh (TX Bar No. 24062656) | Anup Sathy, P.C. (admitted *pro hac vice*) |
| **JACKSON WALKER L.L.P.** | Brian D. Wolfe (admitted *pro hac vice*) |
| 1401 McKinney Street, Suite 1900 | Benjamin M. Rhode (admitted *pro hac vice*) |
| Houston, Texas 77010 | **KIRKLAND & ELLIS LLP** |
| Telephone: (713) 752-4200 | **KIRKLAND & ELLIS INTERNATIONAL LLP** |
| Facsimile: (713) 752-4221 | 300 North LaSalle Street |
| Email: efreeman@jw.com | Chicago, Illinois 60654 |
| mcavenaugh@jw.com | Telephone: (312) 862-2000 |
| | Facsimile: (312) 862-2200 |
| *Co-Counsel to the Reorganized Debtors* | Email: james.sprayregen@kirkland.com |
| | anup.sathy@kirkland.com |
| | brian.wolfe@kirkland.com |
| | benjamin.rhode@kirkland.com |

-and-

Christopher Marcus, P.C. (admitted *pro hac vice*)
**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
601 Lexington Avenue
New York, New York 10022
Telephone:    (212) 446-4800
Facsimile:     (212) 446-4900
Email:          christopher.marcus@kirkland.com

*Co-Counsel to the Reorganized Debtors*

**Certificate of Service**

    I certify that on October 29, 2019, I caused a copy of the foregoing document to be served by the Electronic Case Filing System for the United States Bankruptcy Court for the Southern District of Texas.

                                             */s/ Matthew D. Cavenaugh*
                                             Matthew D. Cavenaugh